CADWALADER, WICKERSHAM & TAFT LLP
Ingrid Bagby, Esq.
Christopher J. Updike, Esq.
One World Financial Center
New York, New York  10281
Telephone:      (212) 504-6000
Facsimile:      (212) 504-6666

- and -

John H. Thompson, Esq.
700 Sixth Street, N.W.
Washington, D.C.  20001
Telephone:      (202) 862-2200
Facsimile:      (202) 862-2400

*Proposed Attorneys for the*
*Debtor and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                       :

In re:                       :         **Chapter 11**

**AMSTERDAM HOUSE CONTINUING CARE**   :     **Case No. 14-73348 (AST)**
**RETIREMENT COMMUNITY, INC.,**[1]    :
                       :
          **Debtor.**       :
---------------------------------------------------------------x

<div align="center">

**DEBTOR'S MOTION FOR ENTRY OF AN ORDER**
**(I) APPROVING THE DISCLOSURE STATEMENT;**
**(II) ESTABLISHING PLAN SOLICITATION, VOTING, AND**
**TABULATION PROCEDURES; (III) SCHEDULING A HEARING AND**
**ESTABLISHING NOTICE AND OBJECTION PROCEDURES FOR CONFIRMATION**
**OF THE DEBTOR'S CHAPTER 11 PLAN; AND (IV) GRANTING RELATED RELIEF**

</div>

        Amsterdam House Continuing Care Retirement Community, Inc., the debtor and

debtor in possession in the above-captioned case (the "Debtor"), submits this motion (the

"Motion") for the entry of an order, substantially in the form attached hereto as **Exhibit A** (the

---

[1] The last four digits of the Debtor's federal tax identification number are 1764.  The Debtor's mailing address is 300 East Overlook, Port Washington, New York 11050.

"Disclosure Statement Order"):  (a) approving the Debtor's disclosure statement dated July 22, 2014 [Docket No. 20] (as it may be amended and supplemented, the "Disclosure Statement") regarding the "Debtor's Plan of Reorganization under Chapter 11 of the Bankruptcy Code" [Docket No. 19] (as it may be amended and supplemented, the "Plan"),[2] (b) scheduling a hearing and establishing notice and objection procedures for confirmation of the Plan, (c) approving the Plan solicitation, voting, and tabulation procedures (the "Solicitation Procedures"), and (d) granting related relief.  In support of this Motion, the Debtor respectfully states as follows:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

2.      On July 22, 2014 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").  The Debtor is continuing in possession of its property and management of its business as a debtor in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

3.      The Debtor, d/b/a The Amsterdam at Harborside, operates Nassau County's first and only continuing care retirement community licensed under Article 46 of the New York Public Health Law, which provides residents with independent living units, enriched housing and memory support services, comprehensive licensed skilled nursing care, and related health, social, and quality of life programs and services.

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings given to them in the Plan and Disclosure Statement.

4.    A more detailed description of the Debtor's business and capital structure, and the circumstances leading to the chapter 11 filing is contained in the Declaration of James Davis in Support of the Chapter 11 Petition and First Day Motions [Docket No. 12] (the "Davis Declaration"), which is incorporated by reference hereto.

5.    On July 23, 2014, the Debtor filed the Plan, which is designed to effect a pre-negotiated exchange of the Debtor's prepetition bonds.  The Debtor also filed the Disclosure Statement providing comprehensive disclosure regarding the terms of the Plan.  The Debtor intends to use the Disclosure Statement to solicit votes to accept or reject the Plan.

## RELIEF REQUESTED

6.    By this Motion, pursuant to sections 105, 1125, and 1126 of the Bankruptcy Code, rules 2002, 3017, 3018, and 3020 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and rules 3017-1 and 3020-1 of the Local Bankruptcy Rules for the Eastern District of New York (the "Local Rules"), the Debtor respectfully requests entry of the Disclosure Statement Order:

(a)    approving the Disclosure Statement as containing "adequate information" in accordance with section 1125 of the Bankruptcy Code;

(b)    establishing and approving the Solicitation Procedures, including, without limitation, fixing a voting record date, setting a deadline for filing motions to estimate claims for voting purposes, approving the form of the solicitation package, and approving the form of ballots;

(c)    scheduling a hearing and establishing notice and objection procedures related to the hearing to consider the confirmation of the Plan (the "Confirmation Hearing"), and approving the notice thereof (the "Confirmation Hearing Notice") substantially in the form attached as **Exhibit 4** to the Disclosure Statement Order; and

(d)    granting related relief.

## BASIS FOR RELIEF REQUESTED

**I.     Approval of Disclosure Statement**

7.     Section 1125(b) of the Bankruptcy Code requires that a plan proponent provide "adequate information" regarding its proposed plan of reorganization.  To that end, section 1125(a)(1) states:

> "[A]dequate information" means information of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan . . . ."

11 U.S.C. § 1125(a)(1).

8.     A disclosure statement must provide pertinent information that is "reasonably practicable" to facilitate an "informed judgment" by creditors and interest holders whether to vote for a plan of reorganization.  See, e.g., In re Momentum Mfg. Corp., 25 F.3d 1132, 1136 (2d Cir. 1994); In re BSL Operating Corp., 57 B.R. 945, 950 (Bankr. S.D.N.Y. 1986) ("A disclosure statement . . . is evaluated only in terms of whether it provides sufficient information to permit enlightened voting by holders of claims or interests.").

9.     Bankruptcy courts have broad discretion in determining whether a disclosure statement contains adequate information, and such determination is made on a case-by-case basis, focusing on the unique facts and circumstances of each case.  See, e.g., In re Ionosphere Clubs, Inc., 179 B.R. 24, 29 (Bankr. S.D.N.Y. 1995) (concluding that the adequacy of a disclosure statement "is to be determined on a case-specific basis under a flexible standard that can promote the chapter 11 policy of fair settlement through a negotiation process between informed interested parties"); In re PC Liquidation Corp. 383 B.R. 856, 856 (Bankr. E.D.N.Y.

2008) (the standard for disclosure with respect to a . . . plan is flexible and what constitutes "adequate information" in any particular situation is determined on a case-by-case basis); In re Copy Crafters Quickprint Inc., 92 B.R. 973, 979 (Bankr. N.D.N.Y. 1988) (adequacy of disclosure statement "is to be determined on a case-specific basis under a flexible standard that can promote the policy of chapter 11 towards fair settlement through a negotiation process between informed interested parties").  Congress granted bankruptcy courts this discretion in order to facilitate effective reorganizations in the broad range of businesses in which chapter 11 debtors engage and the broad range of circumstances that accompany chapter 11 cases.  See H.R. Rep. No. 595, 95th Cong., 1st Sess. 408-09 (1977); Kirk v. Texaco, Inc., 82 B.R. 678, 682 (S.D.N.Y. 1988) ("The legislative history could hardly be more clear in granting broad discretion to bankruptcy judges under § 1125(a)....").

10.    In that regard, courts generally examine a number of factors to determine whether a disclosure statement contains adequate information.  See In re Source Enters., Inc., Case No. 06-11707 (AJG), 2007 Bankr. LEXIS 4770 (Bankr. S.D.N.Y. July 31, 2007) (listing the following types of information which courts have found should be addressed by a disclosure statement, when applicable:  (a) the circumstances that gave rise to the filing of the bankruptcy petition, (b) a description of the debtor's assets and their value, (c) the source of the information provided in the disclosure statement, (d) a disclaimer that no statements concerning the debtor are authorized other than those set forth in the disclosure statement, (e) the condition and performance of the debtor while in chapter 11, (f) information regarding claims against the estate, (g) a liquidation analysis, (h) a summary of the plan of reorganization, (i) an estimate of all administrative expenses, including professional fees, (j) the collectibility of accounts receivable, (k) any financial statements, valuations, or *pro forma* projections relevant to

determinations of whether to accept or reject the plan, (l) the risk factors taken by creditors and interest holders, (m) the estimated values from avoidable transfers, (n) the existence, likelihood, and possible success of nonbankruptcy litigation, (o) the tax consequences of the plan); In re Scioto Valley Mortgage Co., 88 B.R. 168, 170-71 (Bankr. S.D. Ohio 1988) (same); see also In re U.S. Brass Corp., 194 B.R. 420, 424-25 (Bankr. E.D. Tex. 1996) (applying a nineteen factor test to determine adequacy of disclosure statement).  The factors are not meant to be comprehensive and a debtor is not required to provide information for every factor.  See In re U.S. Brass, 194 B.R. at 425.  Rather, the bankruptcy court must decide what is appropriate in each case.  See In re Ferretti, 128 B.R. 16, 19 (Bankr. D.N.H. 1991) (noting that not every debtor needs to provide information on each factor); see also In re Ionosphere Clubs, 179 B.R. at 29 (noting that the determination of adequate information "is subjective" and is "largely within the discretion of the bankruptcy court").

11.     The Debtor respectfully submits that the Disclosure Statement contains adequate information with respect to the applicable factors considered by courts, including, but not limited to:

(a)     a history of the Debtor and key events preceding the Petition Date;

(b)     a description of the Debtor's businesses;

(c)     a summary of the Plan;

(d)     a description of any settlements or agreements incorporated into, and implemented pursuant to, the Plan;

(e)     the indebtedness and corporate structure of the Debtor and information regarding claims and administrative expenses;

(f)     a liquidation analysis;

(g)     risk factors affecting the Debtor;

(h)     requirements for confirmation of the Plan;

(i)     means for implementation of the Plan;

(j)     tax consequences of the Plan;

(k)     an analysis of the alternatives to confirmation and consummation of the Plan; and

(l)     a description of the voting process.

12.     Accordingly, given the comprehensive information contained in the Disclosure Statement, the Debtor submits that the Disclosure Statement provides adequate information, as defined in section 1125(a) of the Bankruptcy Code and, therefore, should be approved.

## II.    Approval of Disclosure Statement Hearing Notice

13.     Bankruptcy Rule 3017(a) requires that notice of the hearing to consider the proposed disclosure statement be provided to creditors and other parties in interest.  See Fed. R. Bankr. P. 3017(a) (providing that after a disclosure statement is filed, it must be mailed with the notice of the hearing to consider the disclosure statement and any objections or modifications thereto on no less than 28 days' notice thereof).  Additionally, Local Rule 3017-1(a) provides that, upon filing of a disclosure statement, the proponent of the plan shall transmit all notices and documents required to be transmitted in accordance with Bankruptcy Rule 3017(a).  E.D.N.Y. LBR 3017-1(a).

14.     The Debtor will serve all known creditors with a copy of a notice in the form annexed as **Exhibit 1** to the Disclosure Statement Order and incorporated herein by reference (the "Disclosure Statement Hearing Notice").  The Disclosure Statement Hearing Notice identifies:  (a) the date, time, and place of the hearing to consider the Disclosure Statement and related solicitation materials (the "Disclosure Statement Hearing"), (b) the manner in which a copy of the Disclosure Statement (and exhibits thereto) can be obtained, and (c) the

deadline and procedures for filing objections to the approval of the Disclosure Statement.  In compliance with Bankruptcy Rules 2002 and 3017, the Debtor will send the Disclosure Statement Hearing Notice to any holders of claims and to its sole member, ACCHS.

15.    In accordance with Local Rule 3017-1(a), the Debtor proposes that the Disclosure Statement Hearing be scheduled for September 2, 2014 at 2:00 PM (prevailing Eastern Time) (the "Disclosure Statement Hearing Date").  To provide holders of claims and parties in interest with adequate time to object to the Disclosure Statement, the Debtor has set the deadline to file objections to the Disclosure Statement for August 29, 2014 at 4:00 p.m. (prevailing Eastern Time) and the deadline to respond to objections to the Disclosure Statement for September 2, 2014 at 10:00 a.m. (prevailing Eastern Time).

16.    Consequently, in compliance with the Bankruptcy Rules, all parties in interest and creditors will have at least 28 days' notice of the deadline to object to the approval of the Disclosure Statement and 28 days' notice of the Disclosure Statement Hearing.  Therefore, the Debtor requests that the Court approve such notice as appropriate and in compliance with the Bankruptcy Rules.

## III.    Approval of Solicitation Procedures

### A.    Form and Distribution of Solicitation Packages

17.    Bankruptcy Rule 3017(d) sets forth the materials that must be provided to holders of claims and interests for the purpose of soliciting their votes and providing adequate notice of the hearing for confirmation of a chapter 11 plan:

> Upon approval of a disclosure statement, – except to the extent that the court orders otherwise with respect to one or more unimpaired classes of creditors or equity security holders – the debtor in possession, trustee, proponent of the plan, or clerk as the court orders shall mail to all creditors and equity security holders . . .

      (1)      the plan or a court-approved summary of the plan;

      (2)      the disclosure statement approved by the court;

      (3)      notice of the time within which acceptances and rejections of such plan may be filed; and

      (4)      any other information as the court may direct, including any court opinion approving the disclosure statement or a court-approved summary of the opinion.

In addition, notice of the time fixed for filing objections and the hearing on confirmation shall be mailed to all creditors and equity security holders in accordance with Rule 2002(b), and a form of ballot conforming to the appropriate Official Form shall be mailed to creditors and equity security holders entitled to vote on the plan . . . .

Fed. R. Bankr. P. 3017 (d).

18.      In addition, Bankruptcy Rule 3017(d) requires the Debtor to mail a form of ballot, that substantially conforms to Official Form No. 14, only to "creditors and equity security holders entitled to vote on the plan." Fed. R. Bankr. P. 3017(d). The Debtor proposes to distribute or cause to be distributed to creditors in the Voting Classes, as described below, one or more ballots substantially in the form attached as **Exhibit 2** to the Disclosure Statement Order.

19.      After the Court has approved the Disclosure Statement, the Debtor proposes to mail or cause to be mailed solicitation packages (the "<u>Solicitation Packages</u>") containing copies of:

      (a)      the Plan;

      (b)      the Plan Supplement;

      (c)      the Disclosure Statement;

      (d)      the Disclosure Statement Order;

      (e)      the Confirmation Hearing Notice;

      (f)      the appropriate Ballot (as defined herein) and voting instructions;

       (g)      a cover letter explaining the solicitation process and urging holders of claims in the Voting Classes to vote in favor of the Plan;

       (h)      a pre-addressed, postage pre-paid return envelope; and

       (i)      such other materials as the Court may direct.

20. By this Motion, the Debtor respectfully requests that the Court establish the Disclosure Statement Hearing Date as the record date (the "Voting Record Date"), regardless of the date on which the Disclosure Statement Order is actually entered, for purposes of determining (a) creditors who are entitled to vote on the Plan and (b) in the case of non-voting classes, the creditors and, in the case of the Debtor, its sole member, ACCHS, who are entitled to receive a notice of non-voting status.

21. The Debtor has engaged Kurtzman Carson Consultants LLC as the noticing, balloting, and claims agent (the "Noticing and Claims Agent") to assist in the solicitation process. The Debtor and the Noticing and Claims Agent intend to distribute the Solicitation Packages no fewer than 28 days before the Voting Deadline (as defined herein). The Debtor submits that distribution of the Solicitation Packages at least 28 days prior to the Voting Deadline will provide the requisite materials to holders of claims entitled to vote on the Plan, in compliance with Bankruptcy Rules 3017(d) and 2002(b). See Fed. R. Bankr. P. 3017(d) (providing that after approval of a disclosure statement, a debtor must transmit the plan, the approved disclosure statement, a notice of the time within which acceptances and rejections of such plan are due, and any other information that the court may direct to certain holders of claims).

22. On or before September 9, 2014 (the "Solicitation Date"), the Noticing and Claims Agent will transmit the Solicitation Package to the holder of the Class 6 Subvention

Claim.  The Solicitation Package transmitted to the holder of the Class 6 Subvention Claim will include the Class 6 Subvention Claim ballot (the "Class 6 Subvention Claim Ballot") substantially in the form attached as **Exhibit 2E** to the Disclosure Statement Order.

23.    On or before September 4, 2014, the Noticing and Claims Agent shall transmit Solicitation Packages for the beneficial holders of the Class 2 Series A/B Bond Claims (the "Series A/B Bondholders") and the beneficial holders of the Class 3 Series 2007C Bond Claims (the "Series C Bondholders" and, together with the Series A/B Bondholders, the "2007 Bondholders") to all banks, brokers, and other nominees (each, a "Nominee") identified by the Noticing and Claims Agent as an entity through which the 2007 Bondholders held 2007 Bonds as of the Voting Record Date.  Each Nominee will be instructed to distribute the Solicitation Packages to the 2007 Bondholders for whom the Nominee held 2007 Bonds by the Solicitation Date.  In addition to the Solicitation Package, the Noticing and Claims Agent shall transmit to Nominees both (a) beneficial holder ballots for Class 2 and/or Class 3, as appropriate, substantially in the form attached as **Exhibit 2A** (the "Class 2 Beneficial Holder Ballot") and **Exhibit 2B** (the "Class 3 Beneficial Holder Ballot", and together with the Class 2 Beneficial Holder Ballot, the "Beneficial Holder Ballots") to the Disclosure Statement Order for pre-validation by the Nominee in accordance with the instructions provided below, and (b) a master ballot for Class 2 and/or Class 3, as appropriate, substantially in the form attached as **Exhibit 2C** (the "Class 2 Master Ballot") and/or **Exhibit 2D** (the "Class 3 Master Ballot", together with the Class 2 Master Ballot, the "Master Ballots", and the Master Ballots, collectively with the Beneficial Holder Ballots and the Class 6 Subvention Claim Ballot, the "Ballots") to the Disclosure Statement Order for use by the Nominee to the extent that the Nominee elects not to

pre-validate Beneficial Holder Ballots for Bondholders in accordance with the instructions provided below.

24.    Nominees shall obtain the vote of Bondholders consistent with customary practices for obtaining votes of securities held in "street name" in one of the following two ways:

(a)    A Nominee may pre-validate a Beneficial Holder Ballot (a "Pre-Validated Ballot") by: (i) signing the Beneficial Holder Ballot; (ii) indicating on the Beneficial Holder Ballot the name and account number of the relevant 2007 Bondholder and the amount of 2007 Bonds held by the Nominee for and on behalf of such 2007 Bondholder; and (iii) sending the Pre-Validated Ballot together with the Solicitation Package and other materials to the 2007 Bondholder for voting. 2007 Bondholders shall be instructed to relay their decision to accept or reject the Plan in accordance with instructions provided in the Pre-Validated Ballot included in the Solicitation Package and any instructions provided by the Nominee and shall complete the Pre-Validated Ballot, review the certifications contained in the Pre-Validated Ballot, and return the Pre-Validated Ballot directly to the Noticing and Claims Agent in the pre-addressed, postage paid envelope included with the Solicitation Package so that it is received by the Noticing and Claims Agent before the Voting Deadline (as defined below).  A list of 2007 Bondholders to whom Pre-Validated Ballots were delivered should be maintained by the Nominee for inspection for at least one year from the Voting Deadline; or

(b)    A Nominee may forward to 2007 Bondholders an unsigned Beneficial Holder Ballot, together with the Solicitation Package, other materials requested to be forwarded, and a pre-addressed, postage paid envelope addressed to the Nominee.  Each 2007 Bondholder shall then complete and sign the Beneficial Holder Ballot and return the Beneficial Holder Ballot to the Nominee in time such that the Nominee shall be able to transmit each 2007 Bondholder's vote(s) to the Noticing and Claims Agent by the Voting Deadline.  After collecting the Beneficial Holder Ballots, the Nominee shall complete a Master Ballot compiling the votes and other information from each Beneficial Holder Ballot, execute the Master Ballot, and deliver the Master Ballot to the Noticing and Claims Agent so that it is received by the Noticing and Claims Agent before the Voting Deadline. All Beneficial Holder Ballots shall be retained by the Nominee for inspection for at least one year from the Voting Deadline.

25.    In addition, the Debtor will serve all the materials in the Solicitation Package (except Ballots) on (a) the U.S. Trustee, (b) counsel to 2007 Bond Trustee, (c) the

holders of the twenty largest unsecured claims against the Debtor, (d) counsel to any official committee of unsecured creditors (if appointed), (e) the Nassau County Industrial Development Agency, (f) the Treasurer of the County of Nassau, (g) the New York State Department of Health, (h) the New York State Department of Financial Services, (i) the New York State Attorney General, (j) the Centers for Medicare and Medicaid Services, (k) the United States Attorney for the Eastern District of New York, (l) the Internal Revenue Service, (m) the Securities and Exchange Commission, (n) the Tax Division of the United States Department of Justice, and (o) all creditors and other parties in interest as required pursuant to Bankruptcy Rule 2002 and the Local Rules.

26.    Consistent with section 1126(f) of the Bankruptcy Code and Bankruptcy Rule 3017(d), the Debtor proposes to send an appropriate notice of non-voting status, substantially in the form attached as **Exhibit 3** to the Disclosure Statement Order (the "Notice of Non-Voting Status"), and the Confirmation Hearing Notice to creditors that are unimpaired under the Plan and are thus presumed to accept the Plan pursuant to section 1126(f) of the Bankruptcy Code, *i.e.*, Class 1 Other Priority Claims, Class 4 Other Secured Claims, Class 5 General Unsecured Claims, and Class 7 Interests in Debtor (the "Non-Voting Classes").  11 U.S.C. § 1126(f) ("[A] class that is not impaired under a plan, and each holder of a claim or interest of such class, are conclusively presumed to have accepted the plan, and solicitation of acceptances with respect to such class from the holders of claims or interests of such class is not required").

27.    The Debtor submits that these proposed notice and service procedures will provide proper, due, and adequate notice to parties in interest, and appropriately balance the need for notice with the costs and burdens associated with undertaking this notice.  Accordingly, the

Debtor submits that it has shown good cause for implementing the proposed notice and service procedures.

**B.      Form of Ballots**

28.      Bankruptcy Rule 3018(c) provides, in relevant part:

> An acceptance or rejection shall be in writing, identify the plan or plans accepted or rejected, be signed by the creditor or equity security holder or an authorized agent, and conform to the appropriate Official Form . . . .

Fed. R. Bankr. P. 3018(c).

29.      The Debtor submits that the form of the Ballots complies with Bankruptcy Rule 3018(c) and is based substantially on Official Form No. 14.   Further, the Ballots prominently display the release and injunction provisions of the Plan in bold on the face of each Ballot.   Therefore, the Debtor respectfully submits that the Ballots comply with Bankruptcy Rule 3018(c) and should therefore be approved.

**C.      Form of Notice to Unclassified Claims and Non-Voting Classes**

30.      In compliance with Section 1123(a)(1) of the Bankruptcy Code and as reflected in Section 2 of the Plan, Allowed Administrative Claims and Allowed Priority Tax Claims are not classified under the Plan.   See 11 U.S.C. § 1123(a)(1) (providing for classification of claims other than administrative and priority tax claims).    As such, holders of these unclassified claims are not entitled to vote on the Plan.   Likewise, holders of allowed claims in the Non-Voting Classes are unimpaired and conclusively presumed to have accepted the Plan, and are not entitled to vote to accept or reject the Plan.   The Debtor proposes to send holders of unclassified claims and claims in the Non-Voting Classes a Notice of Non-Voting Status, substantially in the form attached as **Exhibit 3** to the Disclosure Statement Order.

31.    The Debtor respectfully submits that the Notice of Non-Voting Status complies with the Bankruptcy Code and should therefore be approved.

### D.    Returned Solicitation Packages or Notices

32.    In the event that any notices sent during this chapter 11 case are returned by the United States Postal Service or other carrier as undeliverable, the Debtor believes it would be costly and wasteful to mail Solicitation Packages to the same addresses from which previously-mailed Disclosure Statement Hearing Notices have been returned as undeliverable.

33.    The Debtor seeks the Court's approval for a departure from the notice rule as follows:  (a) the Debtor shall be excused from giving notice or providing service of any kind upon any person or entity to whom the Debtor mailed a Disclosure Statement Hearing Notice, or any other notices or materials approved for distribution pursuant to the Disclosure Statement Order, in the event the Debtor received any such notices returned by the United States Postal Service marked "undeliverable as addressed", "moved – left no forwarding address", or "forwarding order expired", or similar reason, unless the Debtor has been informed in writing by such person or entity of that person's or entity's new address, and (b) the Debtor shall be excused from re-mailing the Solicitation Package, or other notices, as the case may be, to those entities whose addresses differ from the addresses in the Debtor's claims register (the "Claims Register") or the Debtor's records as of the Voting Record Date.  If a creditor has changed its mailing address after the Petition Date, the burden shall be on the creditor or party in interest, not the Debtor, to advise the Noticing and Claims Agent of the new address.

34.    The Debtor believes the requested procedures and other relief requested herein are cost-effective, provide adequate notice and an opportunity to be heard, and are in the

best interests of the Debtor's estate, its creditors, and other parties in interest.  Accordingly, the Debtor submits that it has shown good cause for the relief requested herein.

### E. Plan Supplement

35.    The Debtor intends to file a plan supplement (the "Plan Supplement") prior to the Solicitation Date and to include the Plan Supplement as part of the Plan in the Solicitation Packages.

## IV. Approval of Voting and Tabulation Procedures

### A. Voting Procedures

36.    Pursuant to section 1126(a) of the Bankruptcy Code, "[t]he holder of a claim or interest allowed under section 502 of this title may accept or reject a plan."  11 U.S.C. § 1126(a).  However, section 1126(f) of the Bankruptcy Code provides that "a class that is not impaired under a plan, and each holder of a claim or interest of such class, are conclusively presumed to have accepted the plan, and solicitation of acceptances with respect to such class from the holders of claims or interests of such class is not required."  11 U.S.C. § 1126(f). Accordingly, the Plan contemplates that only impaired classes will be entitled to vote on the Plan.  The Debtor respectfully requests that the Court hold that only those holders of claims in the Voting Classes are entitled to vote to accept or reject the Plan, as each of those classes is impaired.

37.    The assignee of a transferred claim (whether a timely-filed or scheduled claim or interest) shall be permitted to vote such claim only if the transfer or assignment has been effectuated fully pursuant to the procedures dictated by Bankruptcy Rule 3001(e) and such transfer is reflected on the Claims Register on the Voting Record Date.

### B.      Voting Deadline

38.      Bankruptcy Rule 3017(c) provides that, on or before approval of a disclosure statement, the Court shall fix a time within which the holders of claims or equity interests may accept or reject a plan.  As noted above, the Debtor anticipates completing the distribution of Solicitation Packages by the Solicitation Date.  The Debtor proposes that, in order to be counted as a vote to accept or reject the Plan, each original Beneficial Holder Ballot, Master Ballot, or Class 6 Subvention Claim Ballot, as applicable, must be properly delivered to Kurtzman Carson Consultants LLC, the Noticing and Claims Agent, by (a) first-class mail, either in the return envelope provided or to the address indicated, (b) overnight courier, or (c) personal delivery so as to be **received** no later than October 7, 2014 at 5:00  p.m. (prevailing Eastern time) (the "Voting Deadline").  The Debtor submits that this schedule provides sufficient time within which creditors can make informed decisions to accept or reject the Plan.  The Debtor, in consultation with the 2007 Bond Trustee (as defined in the Plan) and the Consenting Holders (as defined in the Plan), may extend the Voting Deadline without further order of the Court; provided that the Debtor shall timely file a notice with the Court setting forth the extended Voting Deadline.

### C.      Tabulation Procedures

39.      Section 1126(c) of the Bankruptcy Code provides:

A class of claims has accepted a plan if such plan has been accepted by creditors, other than any entity designated under subsection (e) of this section, that hold at least two-thirds in amount and more than one-half in number of the allowed claims of such class held by creditors, other than any entity designated under subsection (e) of this section, that have accepted or rejected such plan.

11 U.S.C. § 1126(c).

40.    Further, Bankruptcy Rule 3018(a) provides that the "court after notice and hearing may temporarily allow the claim or interest in an amount which the court deems proper for the purpose of accepting or rejecting a plan." Fed. R. Bankr. P. 3018(a).

41.    Solely for the purpose of voting to accept or reject the Plan and not for the purpose of the allowance of, or distribution on account of, a claim, and without prejudice to the rights of the Debtor in any other context, the Debtor proposes that each holder of a claim within the Voting Classes be entitled to vote the amount of such claim as set forth (i) in a timely filed proof of claim (a "<u>Proof of Claim</u>"), or, if no Proof of Claim was filed, the amount of such claim as set forth in (ii) the Schedules or (iii) in an agreement with the Debtor setting the allowed amount of such claim. The foregoing procedure will be subject to the following clarifications and exceptions:

(a)    If a claim is deemed allowed in accordance with the Plan, such claim is allowed for voting purposes in the deemed allowed amount set forth in the Plan;

(b)    If a claim has been estimated or otherwise allowed for voting purposes by order of the Court, such claim is temporarily allowed in the amount so estimated or allowed by the Court for voting purposes;

(c)    If a claim for which a Proof of Claim has been timely filed is listed as contingent and/or unliquidated on the face of the claim and such claim has not been allowed, such claim will be temporarily allowed, for voting purposes only and not for allowance or distribution, in an amount equal to the greater of (i) $1.00 or (ii) that portion of the claim that is non-contingent or liquidated and as to which the Debtor has not filed an objection, except as otherwise agreed to by the Debtor and the claim holder or as ordered by the Court;

    (d)       If a claim is disputed or if the Debtor has served an objection with respect to a claim at least 5 days prior to the Voting Deadline and the objection has not been adjudicated or otherwise resolved, such claim will be temporarily allowed, for voting purposes only and not for purposes of allowance or distribution, in the amount of $1.00, except to the extent and in the manner as may be otherwise set forth in the objection or as otherwise agreed to by the Debtor and the claim holder or as ordered by the Court;

    (e)       If a claim is listed in the Schedules as contingent, unliquidated, or disputed and a Proof of Claim was not (i) filed by the applicable bar date (each a "Bar Date") for the filing of Proofs of Claim established by the Court or (ii) deemed timely filed by an order of the Court prior to the Voting Deadline, unless the Debtor has consented otherwise in writing, such claim will be disallowed for voting purposes pursuant to Bankruptcy Rule 3003(c);

    (f)       If a claim arises from or is related to an executory contract or lease that the Debtor has not yet assumed or rejected, such claim is temporarily allowed for voting purposes only and not for allowance or distribution in the amount of $1.00 or such other amount as the Debtor and the claim holder may agree; and

    (g)       If a claim is filed in the amount of $0.00, such claim shall not be entitled to vote.

42.      The Debtor believes the foregoing proposed procedures provide for a fair and equitable voting process.  If any creditor seeks to challenge the allowance of its claim for voting purposes in accordance with the above procedures, the Debtor requests that the Court direct such creditor to serve on the Debtor and file with the Court a motion for an order pursuant to Bankruptcy Rule 3018(a) (a "Rule 3018 Motion") temporarily allowing such claim in a different amount for purposes of voting to accept or reject the Plan on or before October 7, 2014 at 4:00 p.m. (prevailing Eastern time) (the "Rule 3018 Motion Deadline").  The Debtor further requests that the Bankruptcy Court direct that Rule 3018 Motions:  (a) be made in writing, (b) comply with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, (c) set forth the name of the party asserting the Rule 3018 Motion, (d) state with particularity the legal and factual bases for the Rule 3018 Motion, and (e) be filed with the Bankruptcy Court and served on

the Debtor no later than the Rule 3018 Motion Deadline.  The Debtor further proposes that any party timely filing and serving a Rule 3018 Motion be provided a Ballot and be permitted to cast a provisional vote to accept or reject the Plan.  The Debtor requests that any issues raised by a Rule 3018 Motion that are outstanding as of the Confirmation Hearing be considered at the Confirmation Hearing.  The Ballot of any claim holder who raises such a Rule 3018 Motion issue shall not be counted unless temporarily allowed for voting purposes as agreed to by the claim holder and the Debtor or as ordered by the Court.

43.    In tabulating the Ballots, the following additional procedures shall be utilized:  (a) any Ballot that is otherwise properly completed, executed, and timely returned to the Noticing and Claims Agent but that does not indicate an acceptance or rejection of the Plan, or that indicates both an acceptance and rejection of the Plan, shall not be counted either as a vote to accept or a vote to reject the Plan, (b) if no votes to accept or reject the Plan are received with respect to a particular class that is entitled to vote on the Plan, such class shall be deemed to have voted to reject the Plan, (c) if a creditor or Nominee casts more than one Ballot voting the same claim before the Voting Deadline, the latest dated, validly executed, Ballot received before the Voting Deadline shall be deemed to reflect the voter's or Nominee's intent and thus to supersede any prior Ballots, and (d) creditors must vote all of their claims within a particular class with respect to the Debtor under the Plan either to accept or reject the Plan, and may not split their votes within a particular class, and thus a Ballot (or a group of Ballots) within a particular class received from a single creditor that partially accepts and partially rejects the Plan shall not be counted as a vote to accept or reject the Plan.  Finally, except as otherwise provided in this Motion, for purposes of determining whether the numerosity and claim or interest amount

requirements of sections 1126(c) and 1126(d) of the Bankruptcy Code have been satisfied, the Debtor will tabulate only those Ballots received by the Voting Deadline.

44.     Unless otherwise directed by the Bankruptcy Court, all questions as to the validity, form, eligibility (including time of receipt), and acceptance of Ballots will be determined by the Noticing and Claims Agent and by the Debtor in their sole discretion, which determination will be final and binding, subject to approval by the Bankruptcy Court (if necessary).  The Debtor reserves the right to reject any and all Ballots not in proper form, the acceptance of which would, in the opinion of the Debtor or its counsel, be unlawful.  The Debtor further reserves the right to waive any defects or irregularities or conditions of delivery as to any particular Ballot.  The interpretation (including of the Ballot and of the respective instructions thereto) by the Debtor, unless otherwise directed by the Bankruptcy Court, will be final and binding on all parties.  Unless waived, any defects or irregularities in connection with deliveries of Ballots must be cured within such time as the Debtor (or the Bankruptcy Court) determines. Neither the Debtor nor any other person will be under any duty to provide notification of defects or irregularities with respect to deliveries of Ballots, nor will the Debtor or any other person incur any liabilities for failure to provide such notification.  Unless otherwise directed by the Bankruptcy Court, delivery of such Ballots will not be deemed to have been made until such irregularities have been cured or waived.  Ballots previously furnished (and as to which any irregularities have not therefore been cured or waived) will be invalidated.

45.     The Debtor respectfully submits that these tabulation procedures comply with the Bankruptcy Code and the Bankruptcy Rules and should therefore be approved.

## V.    Establishing Confirmation Notice and Objection Procedures

### A.    Confirmation Hearing Date

46.    Bankruptcy Rule 3017(c) provides:

> On or before approval of the disclosure statement, the court shall fix a time within which the holders of claims and interests may accept or reject the plan and may fix a date for the hearing on confirmation.

Fed. R. Bankr. P. 3017(c).

47.    In accordance with Bankruptcy Rule 3017(c), the Debtor requests that the Court schedule the Confirmation Hearing on October 24, 2014 at 10:00 a.m. (prevailing Eastern Time) (the "Confirmation Hearing Date"), which date may be continued from time to time by the Bankruptcy Court or the Debtor without further notice.   The proposed timing for the Confirmation Hearing complies with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, and will enable the Debtor to pursue confirmation of the Plan in a timely manner.   In particular, the proposed timing allows 28 days' notice prior to the Plan Objection Deadline as defined below, and allows for an approximately 28 day solicitation period.  See Fed. R. Bankr. P. 2002(b) (requiring 28 day period prior to a plan objection deadline).

### B.    Form of Confirmation Hearing Notice

48.    Pursuant to Bankruptcy Rules 2002(b) and (d), all creditors and equity security holders must receive at least 28 days' notice of the time fixed for filing objections to and the hearing to consider confirmation of a chapter 11 plan.  Fed. R. Bankr. P. 2002(b), (d).  In furtherance thereof, the Solicitation Package includes the Confirmation Hearing Notice, which contains, among other things:   (a) the Plan Objection Deadline (as defined below), (b) the Confirmation Hearing Date and time, (c) the Voting Deadline, (d) the Voting Record Date, and (e) procedures for the temporary allowance of claims for voting purposes.   The Confirmation

Hearing Notice will also instruct creditors and interested parties on how they may view and obtain copies of the Disclosure Statement, the Plan, the Plan Supplement, the Disclosure Statement Order, and all other Solicitation Package materials.

49.     Bankruptcy Rule 2002(l) permits the Court to "order notice by publication if it finds that notice by mail is impracticable or that it is desirable to supplement the notice." Fed. R. Bankr. P. 2002(l).  In addition to mailing the Confirmation Hearing Notice, the Debtor proposes to publish the Confirmation Hearing Notice, in substantially the same form of **Exhibit 4** to the Disclosure Statement Order (the "Publication Confirmation Hearing Notice"), not less than 28 days prior to the Plan Objection Deadline, once in The New York Times.  The Debtor believes that publication of the Publication Confirmation Hearing Notice will provide sufficient notice of the approval of the Disclosure Statement, the Plan Objection Deadline, the Confirmation Hearing date and time, the Voting Deadline, and the Voting Record Date to persons or entities that do not otherwise receive notice by mail as provided for in the Disclosure Statement Order.

50.     The Debtor respectfully requests that the Court find that the Confirmation Hearing Notice and Publication Confirmation Hearing Notice comply with the requirements of Bankruptcy Rules 2002(b), 2002(c)(3), and 2002(d).

### C.     Procedures for Filing Objections to Confirmation of the Plan

51.     Pursuant to Bankruptcy Rule 3020(b)(1), objections to confirmation of a plan must be filed and served "within a time fixed by the court."  Fed. R. Bank. P. 3020(b)(1). Local Rule 3020-1 requires that objections to confirmation of a plan shall be filed at least 7 days prior to a confirmation hearing.  E.D.N.Y L.B.R. 3020-1.  The Confirmation Hearing Notice provides, and the Debtor requests that the Court direct, that objections to confirmation of the

Plan or proposed modifications to the Plan, if any, must (a) be in writing, (b) state the name and address of the objecting party and the amount and nature of the claim or interest of such party, (c) state with particularity the basis and nature of any objection or proposed modification to the Plan, and (d) be filed, together with proof of service, with the Court and served so as to be **actually received** on or before October 7, 2014 at 4:00 p.m. (prevailing Eastern Time) (the "Plan Objection Deadline"), by:   (a) the Debtor, Amsterdam House Continuing Care Retirement Community, Inc., 300 East Overlook, Port Washington, New York 11050 (Attn: James Davis); (b) proposed counsel to the Debtor, Cadwalader, Wickersham & Taft LLP, One World Financial Center, New York, New York 10281 (Attn:  Ingrid Bagby, Esq. and Christopher J. Updike, Esq.); (c) counsel to any creditors' committees appointed in this chapter 11 case; (d) counsel to the 2007 Bond Trustee, Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C., One Financial Center, Boston, Massachusetts 02111 (Attn:  Daniel S. Bleck, Esq.); and (e) the Office of the United States Trustee for the Eastern District of New York, Alfonse D'Amato Federal Courthouse, 560 Federal Plaza, Central Islip, New York 11722 (Attn:  Christine H. Black).  The proposed Plan Objection Deadline will afford the Court, the Debtor, and other parties in interest sufficient time to consider the objections and proposed modifications prior to the Confirmation Hearing.

<div align="center">

**NON-SUBSTANTIVE CHANGES TO
THE PLAN AND DISCLOSURE STATEMENT**

</div>

52.     To save time and expense, the Debtor requests authorization to make nonsubstantive changes to the Disclosure Statement, the Plan, and related documents without further order of the Court, including, without limitation, changes to correct typographical and grammatical errors and to make conforming changes among the Disclosure Statement, the Plan, and any other materials in the Solicitation Packages, prior to their mailing.

## NOTICE

53.     Notice of this Motion has been provided by facsimile, electronic transmission, overnight delivery, or hand delivery to: (a) the U.S. Trustee, (b) counsel to 2007 Bond Trustee, (c) the holders of the twenty largest unsecured claims against the Debtor, (d) Consenting Holders, (e) the Nassau County Industrial Development Agency, (f) the Treasurer of the County of Nassau, (g) the New York State Department of Health, (h) the New York State Department of Financial Services, (i) the New York State Attorney General, (j) the Centers for Medicare and Medicaid Services, (k) the United States Attorney for the Eastern District of New York, (l) the Internal Revenue Service, (m) the Securities and Exchange Commission, and (n) the Tax Division of the United States Department of Justice. Following the hearing, a copy of this Motion and any order entered with respect hereto will be served on the foregoing parties and all parties having filed requests for notices in this chapter 11 case. Due to the nature of the relief requested herein, the Debtor submits that no other or further notice need be given.

## NO PRIOR REQUEST

54.     No previous motion for the relief sought herein has been made by the Debtor to this or any other court.

WHEREFORE, the Debtor respectfully requests entry of the Disclosure Statement Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as may be just and proper.

Dated:  July 24, 2014

<div align="center">CADWALADER, WICKERSHAM & TAFT LLP</div>

By: /s/ *Ingrid Bagby*
      Ingrid Bagby, Esq.
      Christopher J. Updike, Esq.
      One World Financial Center
      New York, New York  10281
      Telephone:    (212) 504-6000
      Facsimile:     (212) 504-6666
      Ingrid.Bagby@cwt.com
      Christopher.Updike@cwt.com

      - and -

      John H. Thompson, Esq.
      700 Sixth Street, N.W.
      Washington, D.C.  20001
      Telephone:    (202) 862-2200
      Facsimile:     (202) 862-2400
      JohnH.Thompson@cwt.com

      *Proposed Attorneys for the*
      *Debtor and Debtor in Possession*

**Exhibit A**

**Disclosure Statement Order**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x
:
In re:                                                                        :            **Chapter 11**
:
**AMSTERDAM HOUSE CONTINUING CARE**        :            **Case No. 14-73348**
**RETIREMENT COMMUNITY, INC.,**[1]                  :
:
                          Debtor.                                          :
-----------------------------------------------------------------x

### ORDER (I) APPROVING THE DISCLOSURE STATEMENT; (II) ESTABLISHING PLAN SOLICITATION, VOTING, AND TABULATION PROCEDURES; (III) SCHEDULING A HEARING AND ESTABLISHING NOTICE AND OBJECTION PROCEDURES FOR CONFIRMATION OF THE DEBTOR'S CHAPTER 11 PLAN; AND (IV) GRANTING RELATED RELIEF

Upon the motion (the "Motion"),[2] of Amsterdam House Continuing Care

Retirement Community, Inc., the debtor and debtor in possession in the above-captioned case

(the "Debtor"), pursuant to sections 105, 1125, and 1126 of the Bankruptcy Code, Rules 2002,

3017, 3018, and 3020 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"),

and Rules 3017-1 and 3020 of the Local Bankruptcy Rules for the Eastern District of New York

(the "Local Rules"), for entry of an order (this "Disclosure Statement Order") (a) approving the

Debtor's disclosure statement [Docket No. 20] (as it may be amended or supplemented, the

"Disclosure Statement") with respect to the "Debtor's Plan of Reorganization under Chapter 11

of the Bankruptcy Code" [Docket No. 19] (as it may be amended or supplemented, the "Plan"),

(b) approving the Disclosure Statement hearing date and corresponding Disclosure Statement

---

[1] The last four digits of the Debtor's federal tax identification number are 1764.  The Debtor's mailing address is 300 East Overlook, Port Washington, New York 11050.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed thereto in the Motion, the Disclosure Statement or, by reference, the Plan.

Hearing Notice, (c) establishing Plan solicitation, voting, and tabulation procedures (the "Solicitation Procedures"), and (d) granting related relief; and due and sufficient notice of the Motion having been provided under the particular circumstances, and it appearing that no other or further notice need be provided; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and a hearing (the "Disclosure Statement Hearing") having been held to consider the relief requested in the Motion; and upon the Declaration of James Davis in Support of the Chapter 11 Petition and First Day Motions [Docket No. 12], the record of the Disclosure Statement Hearing, and all of the proceedings before the Court; and the Court having found and determined that the relief requested is in the best interests of the Debtor, its estate and creditors, and all other parties in interest; and that the legal and factual bases set forth in the Motion and at the Disclosure Statement Hearing establish just cause for the relief granted herein; and after due deliberation thereon and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1.    The Motion is GRANTED and any and all objections to the Motion not otherwise resolved or withdrawn are hereby overruled.

2.    The Disclosure Statement (as may be amended and/or revised from time to time, including in connection with the Disclosure Statement Hearing) meets all of the requirements of section 1125 of the Bankruptcy Code and is hereby approved as containing "adequate information" within the meaning of section 1125(a) of the Bankruptcy Code.

3.      The Disclosure Statement Hearing Notice, the form of which is attached hereto as **Exhibit 1**, constitutes adequate and sufficient notice of the hearing to consider approval of the Disclosure Statement, the manner in which a copy of the Disclosure Statement may be obtained, and the time fixed for filing objections thereto, in satisfaction of the requirements of the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules.

4.      The Solicitation Procedures, as set forth in the Motion, are approved.

5.      For the purpose of determining (a) the creditors who are entitled to vote to accept or reject the Plan and (b) in the case of non-voting classes, the creditors and, in the case of the Debtor, its sole member, ACCHS, who are entitled to receive a Notice of Non-Voting Status, the record date shall be September 2, 2014 (the "Voting Record Date").

6.      The Solicitation Packages will include (a) the Plan, (b) the Plan Supplement, (c) the Disclosure Statement, (d) the Disclosure Statement Order, (e) the Confirmation Hearing Notice, (f) the appropriate Ballot and voting instructions, (g) a cover letter, (h) a pre-addressed, postage pre-paid return envelope, and (i) such other materials as the Bankruptcy Court may direct.

7.      On or before September 9, 2014 (the "Solicitation Date"), the Noticing and Claims Agent will transmit the Solicitation Package to the holder of the Class 6 Subvention Claim.  The Solicitation Package transmitted to the holder of the Class 6 Subvention Claim will include the Class 6 Subvention Claim ballot (the "Class 6 Subvention Claim Ballot") substantially in the form attached hereto as **Exhibit 2E**.

8.      On or before September 4, 2014, the Noticing and Claims Agent shall transmit Solicitation Packages for the beneficial holders of the Class 2 Series A/B Bond Claims (the "Series A/B Bondholders") and the beneficial holders of the Class 3 Series 2007C Bond

Claims (the "Series C Bondholders" and, together with the Series A/B Bondholders, the "2007 Bondholders") to all banks, brokers, and other nominees (each, a "Nominee") identified by the Noticing and Claims Agent as an entity through which the 2007 Bondholders held 2007 Bonds as of the Voting Record Date.  Each Nominee will be instructed to distribute the Solicitation Packages to the 2007 Bondholders for whom the Nominee held 2007 Bonds by the Solicitation Date.  In addition to the Solicitation Package, the Noticing and Claims Agent shall transmit to Nominees both (a) beneficial holder ballots for Class 2 and/or Class 3, as appropriate, substantially in the form attached as **Exhibit 2A** (the "Class 2 Beneficial Holder Ballot") and **Exhibit 2B** (the "Class 3 Beneficial Holder Ballot", and together with the Class 2 Beneficial Holder Ballot, the "Beneficial Holder Ballots") hereto for pre-validation by the Nominee in accordance with the instructions provided below, and (b) a master ballot for Class 2 and/or Class 3, as appropriate, substantially in the form attached as **Exhibit 2C** (the "Class 2 Master Ballot") and/or **Exhibit 2D** (the "Class 3 Master Ballot", together with the Class 2 Master Ballot, the "Master Ballots", and the Master Ballots, collectively with the Beneficial Holder Ballots and the Class 6 Subvention Claim Ballot, the "Ballots") hereto for use by the Nominee to the extent that the Nominee elects not to pre-validate Beneficial Holder Ballots for Bondholders in accordance with the instructions provided below.

    9.  Nominees shall obtain the vote of Bondholders consistent with customary practices for obtaining votes of securities held in "street name" in one of the following two ways:

     (a)  A Nominee may pre-validate a Beneficial Holder Ballot (a "Pre-Validated Ballot") by: (i) signing the Beneficial Holder Ballot; (ii) indicating on the Beneficial Holder Ballot the name and account number of the relevant 2007 Bondholder and the amount of 2007 Bonds held by the Nominee for and on behalf of such 2007 Bondholder; and (iii) sending the Pre-Validated Ballot together with the Solicitation Package and other materials to the 2007 Bondholder for voting. 2007 Bondholders shall be instructed

to relay their decision to accept or reject the Plan in accordance with instructions provided in the Pre-Validated Ballot included in the Solicitation Package and any instructions provided by the Nominee and shall complete the Pre-Validated Ballot, review the certifications contained in the Pre-Validated Ballot, and return the Pre-Validated Ballot directly to the Noticing and Claims Agent in the pre-addressed, postage paid envelope included with the Solicitation Package so that it is received by the Noticing and Claims Agent before the Voting Deadline. A list of 2007 Bondholders to whom Pre-Validated Ballots were delivered should be maintained by the Nominee for inspection for at least one year from the Voting Deadline; or

(b)   A Nominee may forward to 2007 Bondholders an unsigned Beneficial Holder Ballot, together with the Solicitation Package, other materials requested to be forwarded, and a pre-addressed, postage paid envelope addressed to the Nominee. Each 2007 Bondholder shall then complete and sign the Beneficial Holder Ballot and return the Beneficial Holder Ballot to the Nominee in time such that the Nominee shall be able to transmit each 2007 Bondholder's vote(s) to the Noticing and Claims Agent by the Voting Deadline. After collecting the Beneficial Holder Ballots, the Nominee shall complete a Master Ballot compiling the votes and other information from each Beneficial Holder Ballot, execute the Master Ballot, and deliver the Master Ballot to the Noticing and Claims Agent so that it is received by the Noticing and Claims Agent before the Voting Deadline. All Beneficial Holder Ballots shall be retained by the Nominee for inspection for at least one year from the Voting Deadline.

10.   In addition, the Debtor shall serve all the materials in the Solicitation Package (except Ballots) on (a) the U.S. Trustee, (b) counsel to 2007 Bond Trustee, (c) the holders of the twenty largest unsecured claims against the Debtor, (d) counsel to any official committee of unsecured creditors (if appointed), (e) the Nassau County Industrial Development Agency, (f) the Treasurer of the County of Nassau, (g) the New York State Department of Health, (h) the New York State Department of Financial Services, (i) the New York State Attorney General, (j) the Centers for Medicare and Medicaid Services, (k) the United States Attorney for the Eastern District of New York, (l) the Internal Revenue Service, (m) the Securities and Exchange Commission, (n) the Tax Division of the United States Department of

Justice, and (o) all creditors and other parties in interest as required pursuant to Bankruptcy Rule 2002 and the Local Rules.

11.     The form of the Ballots, substantially in the form attached hereto as **Exhibit 2**, is sufficiently consistent with Bankruptcy Rule 3017(d) and Official Form No. 14 and is approved, and the Debtor is authorized to use such forms in soliciting votes on the Plan.

12.     The Debtor is authorized to send the Notice of Non-Voting Status, substantially in the form attached hereto as **Exhibit 3**, and the Confirmation Hearing Notice to all members of the Non-Voting Classes.

13.     The Debtor shall be excused from giving notice or providing service of any kind upon any person or entity to whom the Debtor mailed a Disclosure Statement Hearing Notice, or any other notices or materials approved for distribution pursuant to this Disclosure Statement Order, in the event the Debtor received any such notices returned by the United States Postal Service marked "undeliverable as addressed", "moved – left no forwarding address", or "forwarding order expired", or similar reason, unless the Debtor has been informed in writing by such person or entity of that person's or entity's new address.

14.     The Debtor shall be excused from re-mailing the Solicitation Package, or other notices, as the case may be, to those entities whose addresses differ from the addresses in the claims register or the Debtor's records as of the Voting Record Date.

15.     If a creditor has changed its mailing address after the Petition Date, the burden shall be on the creditor or party in interest, not the Debtor, to advise the Noticing and Claims Agent of the new address.

16.     Ballots are to be distributed to all holders of claims in the Voting Classes. For the avoidance of any doubt, only holders of claims in the Voting Classes are entitled to vote to accept or reject the Plan.  Specifically, such holders entitled to vote include:

(a)     Holders of claims for which Proofs of Claim have been timely-filed, as reflected in the Claims Register as of the Voting Record Date;

(b)     Holders of claims that are listed in the Schedules, with the exception of those claims that are scheduled as contingent, unliquidated or disputed (excluding such scheduled claims that have been superseded by a timely-filed Proof of Claim); and

(c)     Holders whose claims are allowed pursuant to an agreement or settlement with the Debtor, as reflected in a document filed with the Bankruptcy Court, in an order of the Bankruptcy Court, or in a document executed by the Debtor pursuant to authority granted by the Bankruptcy Court.

17.     The assignee of a transferred claim (whether a timely-filed or scheduled claim) is permitted to vote such claim only if the transfer or assignment has been effectuated fully pursuant to the procedures dictated by Bankruptcy Rule 3001(e) and such transfer is reflected on the Claims Register on the Voting Record Date.

18.     In order to be counted as a vote to accept or reject the Plan, each original Beneficial Holder Ballot, Master Ballot, or Class 6 Subvention Claim Ballot, as applicable, must be properly delivered to the Noticing and Claims Agent by (a) first-class mail, either in the return envelope provided or to the address indicated, (b) overnight courier, or (c) personal delivery so as to be received no later than October 7, 2014 at 5:00 p.m. (prevailing Eastern time) (the "Voting Deadline").

19.     The Debtor, in consultation with the 2007 Bond Trustee and the Consenting Holders, may extend the Voting Deadline without further order of the Court;

provided that the Debtor shall timely file a notice with the Court setting forth the extended Voting Deadline

20.     Solely for the purpose of voting to accept or reject the Plan and not for the purpose of the allowance of, or distribution on account of, a claim, and without prejudice to the rights of the Debtor in any other context, each holder of a claim within a class of claims entitled to vote to accept or reject the Plan is entitled to vote the amount of such claim as set forth in a timely filed Proof of Claim, or, if no Proof of Claim was filed, the amount of such claim as set forth in the Schedules, provided that:

(a)     If a claim is deemed allowed in accordance with the Plan, such claim is allowed for voting purposes in the deemed allowed amount set forth in the Plan;

(b)     If a claim has been estimated or otherwise allowed for voting purposes by order of the Court, such claim is temporarily allowed in the amount so estimated or allowed by the Court for voting purposes;

(c)     If a claim for which a Proof of Claim has been timely filed is listed as contingent and/or unliquidated on the face of the claim and such claim has not been allowed, such claim will be temporarily allowed, for voting purposes only and not for allowance or distribution, in an amount equal to the greater of (i) $1.00 or (ii) that portion of the claim that is non-contingent or liquidated and as to which the Debtor has not filed an objection, except to the extent and in the manner as may be otherwise set forth in the objection or as otherwise agreed to by the Debtor and the claim holder or ordered by the Court;

(d)     If a claim is disputed or if the Debtor has served an objection with respect to a claim at least 5 days prior to the Voting Deadline and the objection has not been adjudicated or otherwise resolved, such claim will be temporarily allowed, for voting purposes only and not for purposes of allowance or distribution, in the amount of $1.00, except to the extent and in the manner as may be otherwise set forth in the objection or as otherwise agreed to by the Debtor and the claim holder or as ordered by the Court;

(e)     If a claim is listed in the Schedules as contingent, unliquidated, or disputed and a Proof of Claim was not (i) filed by the applicable Bar Date for the filing of Proofs of Claim established by the Court or (ii) deemed timely filed by an order of the Court prior to the Voting Deadline, unless the Debtor has consented otherwise in writing, such claim will be disallowed for voting purposes pursuant to Bankruptcy Rule 3003(c);

(f)     If a claim arises from or is related to an executory contract or lease that the Debtor has not yet assumed or rejected, such claim is temporarily allowed for voting purposes only and not for allowance or distribution in the amount of $1.00 or such other amount as the Debtor and the claim holder may agree; and

(g)     If a claim is filed in the amount of $0.00, such claim shall not be entitled to vote.

21.     If any creditor seeks to challenge the allowance of its claim for voting purposes in accordance with the above procedures, such creditor is required to serve on the Debtor and file with the Court a motion for an order pursuant to Bankruptcy Rule 3018(a) (a "Rule 3018 Motion") temporarily allowing such claim in a different amount for purposes of voting to accept or reject the Plan on or before October 7, 2014 at 4:00 p.m. (prevailing Eastern Time) (the "Rule 3018 Motion Deadline").

22.     Rule 3018 Motions must (a) be made in writing, (b) comply with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, (c) set forth the name of the party asserting the Rule 3018 Motion, (d) state with particularity the legal and factual bases for the Rule 3018 Motion, and (e) be filed with the Bankruptcy Court and served on the Debtor no later than the Rule 3018 Motion Deadline.

23.     Any issues raised by a Rule 3018 Motion that are outstanding as of the Confirmation Hearing shall be considered at the Confirmation Hearing.  The Ballot of any claim holder who raises such a Rule 3018 Motion issue shall not be counted unless temporarily

allowed for voting purposes as agreed to by the claim holder and the Debtor or as ordered by the Court.

24.     In tabulating the Ballots, the following additional procedures shall be utilized:  (a) any Ballot that is otherwise properly completed, executed, and timely returned to Noticing and Claims Agent but does not indicate an acceptance or rejection of the Plan, or that indicates both an acceptance and rejection of the Plan, shall not be counted either as a vote to accept or a vote to reject the Plan, (b) if no votes to accept or reject the Plan are received with respect to a particular class that is entitled to vote on the Plan, such class shall be deemed to have voted to reject the Plan, (c) if a creditor or Nominee casts more than one Ballot voting the same claim before the Voting Deadline, the latest dated, validly executed, Ballot received before the Voting Deadline shall be deemed to reflect the voter's or Nominee's intent and thus to supersede any prior Ballots, and (d) creditors must vote all of their claims within a particular class with respect to the Debtor under the Plan either to accept or reject the Plan, and may not split their votes within a particular class, and thus a Ballot (or a group of Ballots) within a particular class received from a single creditor that partially accepts and partially rejects the Plan shall not be counted as a vote to accept or reject the Plan.

25.     For purposes of determining whether the numerosity and claim amount requirements of sections 1126(c) and 1126(d) of the Bankruptcy Code have been satisfied, the Debtor will tabulate only those Ballots received by the Voting Deadline.

26.     Unless otherwise directed by the Bankruptcy Court, all questions as to the validity, form, eligibility (including time of receipt), and acceptance of Ballots will be determined by the Noticing and Claims Agent and the Debtor in their sole discretion, which

determination will be final and binding, subject to approval by the Bankruptcy Court (if necessary).

27.     The Debtor reserves the right to reject any and all Ballots not in proper form, the acceptance of which would, in the opinion of the Debtor or its counsel, be unlawful, and the Debtor reserves the right to waive any defects or irregularities or conditions of delivery as to any particular Ballot.

28.     The interpretation (including of the Ballot and of the respective instructions thereto) by the Debtor, unless otherwise directed by the Bankruptcy Court, shall be final and binding on all parties.

29.     Unless waived, any defects or irregularities in connection with deliveries of Ballots must be cured within such time as the Debtor (or the Bankruptcy Court) determines, and unless otherwise directed by the Bankruptcy Court, delivery of such Ballots shall not be deemed to have been made until such irregularities have been cured or waived and any Ballots previously furnished (and as to which any irregularities have not been cured or waived) shall be invalidated.

30.     Neither the Debtor nor any other person shall be under any duty to provide notification of defects or irregularities with respect to deliveries of Ballots, nor shall the Debtor or any other person incur any liabilities for failure to provide such notification.

31.     The Confirmation Hearing will commence on October 24, 2014 beginning at 10:00 a.m. (prevailing Eastern Time), and if required, will continue at such further date and time as may be announced in Court without any further notice other than such in-Court announcement.

32.     The procedures set forth in the Motion for notice of the Confirmation Hearing, including the Confirmation Hearing Notice and the Publication Confirmation Hearing Notice, substantially in the form attached hereto as **Exhibit 4**, are approved.

33.     Objections to confirmation of the Plan or proposed modifications to the Plan, if any, must (a) be in writing, (b) state the name and address of the objecting party and the amount and nature of the claim of such party, (c) state with particularity the basis and nature of any objection or proposed modification to the Plan, and (d) be filed, together with proof of service, with the Court and served so as to be actually received on or before October 7, 2014 at 4:00 p.m. (prevailing Eastern time) by:   (a) the Debtor, Amsterdam House Continuing Care Retirement Community, Inc., 300 East Overlook, Port Washington, New York 11050 (Attn: James Davis); (b) proposed counsel to the Debtor, Cadwalader, Wickersham & Taft LLP, One World Financial Center, New York, New York 10281 (Attn: Ingrid Bagby, Esq. and Christopher J. Updike, Esq.); (c) counsel to any creditors' committees appointed in this chapter 11 case; (d) counsel to the 2007 Bond Trustee, Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C., One Financial Center, Boston, Massachusetts 02111 (Attn:  Daniel S. Bleck, Esq.); and (e) the Office of the United States Trustee for the Eastern District of New York, Alfonse D'Amato Federal Courthouse, 560 Federal Plaza, Central Islip, New York 11722 (Attn:  Christine H. Black).

34.     The Debtor is authorized to make nonsubstantive changes to the Disclosure Statement, the Plan, and related documents without further order of the Court, including, without limitation, changes to correct typographical and grammatical errors and to make conforming changes among the Disclosure Statement, the Plan, and any other materials in the Solicitation Packages, prior to their mailing.

35.    The Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Order.

36.    This Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2014
        Central Islip, New York

_____
        THE HONORABLE ALAN S. TRUST
        UNITED STATES BANKRUPTCY JUDGE

**<u>Exhibit 1</u>**

**Disclosure Statement Hearing Notice**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

```
-----------------------------------------------------------------x
                                                                 :
In re:                                                           :        Chapter 11
                                                                 :
AMSTERDAM HOUSE CONTINUING CARE                                  :        Case No. 14-73348 (AST)
RETIREMENT COMMUNITY, INC.,¹                                     :
                                                                 :
                                                                 :
                        Debtor.                                  :
-----------------------------------------------------------------x
```

<div align="center">

**NOTICE OF HEARING ON THE DEBTOR'S MOTION FOR
ENTRY OF AN ORDER  (I) APPROVING THE DISCLOSURE
STATEMENT; (II) ESTABLISHING PLAN SOLICITATION, VOTING,
AND TABULATION PROCEDURES; (III) SCHEDULING A HEARING AND
ESTABLISHING NOTICE AND OBJECTION PROCEDURES FOR CONFIRMATION
OF THE DEBTOR'S CHAPTER 11 PLAN; AND (IV) GRANTING RELATED RELIEF**

</div>

**PLEASE TAKE NOTICE** that a hearing (the "Hearing") on the "Debtor's Motion for the Entry of an Order (I) Approving the Disclosure Statement; (II) Establishing Plan Solicitation, Voting, and Tabulation Procedures; (III) Scheduling a Hearing and Establishing Notice and Objection Procedures for Confirmation of the Debtor's Chapter 11 Plan; and (IV) Granting Related Relief" (the "Motion"), for the entry of an order approving the Debtor's Disclosure Statement and the forms and procedures in connection with the distribution thereof and the solicitation and confirmation of the Debtor's proposed plan of reorganization (the "Plan"), will be held before the Honorable Alan S. Trust, United States Bankruptcy Judge, in Courtroom 960 of the United States Bankruptcy Court for the Eastern District of New York (the "Court"), Alfonse D'Amato Federal Courthouse, 290 Federal Plaza, Central Islip, New York 11722-9013, on **September 2, 2014 at 2:00 p.m. (prevailing Eastern Time)**, or as soon thereafter as counsel may be heard.

**PLEASE TAKE FURTHER NOTICE** that any responses or objections, if any, to relief requested in the Motion: (a) must be in writing, (b) shall conform to the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Local Bankruptcy Rules for the Eastern District of New York, (c) set forth the name of the responding party, the basis for the response, and the specific grounds thereof, and (d) shall be served upon: (i) the Debtor, Amsterdam House Continuing Care Retirement Community, Inc., 300 East Overlook, Port Washington, New York 11050 (Attn: James Davis), (ii) proposed counsel to the Debtor, Cadwalader, Wickersham & Taft LLP, One World Financial Center, New York, New York 10281 (Attn: Ingrid Bagby, Esq. and Christopher J. Updike, Esq.), (iii) counsel to any committee of creditors appointed in this chapter

---

¹ The last four digits of the Debtor's federal tax identification number are 1764.  The Debtor's mailing address is 300 East Overlook, Port Washington, New York 11050.

11 case, (iv) counsel to the 2007 Bond Trustee, Mintz, Levin, Cohn, Ferris, Glovsky and Popeo, P.C., One Financial Center, Boston, Massachusetts 02111 (Attn:  Daniel S. Bleck, Esq.); (v) the Office of the United States Trustee for the Eastern District of New York, Alfonse D'Amato Federal Courthouse, 560 Federal Plaza, Central Islip, New York 11722 (Attn:  Christine H. Black), and (vi) any persons who have filed a request for notice in the above-captioned case pursuant to Bankruptcy Rule 2002, so as to be filed and served by no later than **August 29, 2014 at 4:00 p.m. (prevailing Eastern Time)**.

          **PLEASE TAKE FURTHER NOTICE THAT** if you would like to obtain a copy of the Motion, the Disclosure Statement, the Plan, or related documents, you should contact Kurtzman Carson Consultants LLC, the administrative agent and noticing and claims agent retained by the Debtor in this chapter 11 case, by: (a) calling the Debtor's restructuring hotline toll-free at 877-565-8216, (b) visiting the Debtor's restructuring website at www.kccllc.net/harborside, (c) sending an e-mail to HarborsideInfo@kccllc.com, and/or (d) writing to Kurtzman Carson Consultants LLC, 2335 Alaska Avenue, El Segundo, California 90245 (Attn: Drake Foster).  You may also obtain copies of any pleadings filed in this chapter 11 case for a fee via PACER at: http://www.nyeb.uscourts.gov.

**IF ANY OBJECTION TO THE DISCLOSURE STATEMENT IS NOT FILED AND SERVED AS PRESCRIBED HEREIN, THE OBJECTING PARTY MAY BE BARRED FROM OBJECTING TO THE ADEQUACY OF THE DISCLOSURE STATEMENT AND MAY NOT BE HEARD AT THE HEARING.**

New York, New York
Dated: July 24, 2014

CADWALADER, WICKERSHAM & TAFT LLP

By:/_____DRAFT_____

    Ingrid Bagby, Esq.
    Christopher J. Updike, Esq.
    One World Financial Center
    New York, New York  10281
    Telephone:    (212) 504-6000
    Facsimile:    (212) 504-6666
    Ingrid.Bagby@cwt.com
    Christopher.Updike@cwt.com

    - and -

    John H. Thompson, Esq.
    700 Sixth Street, N.W.
    Washington, D.C.  20001
    Telephone:    (202) 862-2200
    Facsimile:    (202) 862-2400
    JohnH.Thompson@cwt.com

    *Proposed Attorneys for the*
    *Debtor and Debtor in Possession*

**<u>Exhibit 2</u>**

**Ballots**

## Exhibit 2A

**Class 2 Beneficial Holder Ballot**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                                   :

In re:                            :        **Chapter 11**
                                     :

**AMSTERDAM HOUSE CONTINUING CARE**    :        **Case No. 14-73348 (AST)**
**RETIREMENT COMMUNITY, INC.,**[1]    :
                                     :

                **Debtor.**         :
---------------------------------------------------------------x

<div align="center">

**BENEFICIAL HOLDER BALLOT**
**CLASS 2 - SERIES 2007A/B BOND CLAIMS**

**No person has been authorized to give any information or advice, or to make any**
**representation, other than what is contained in the Disclosure Statement for**
**Debtor's Plan of Reorganization under Chapter 11 of the Bankruptcy Code.**

**BENEFICIAL HOLDER BALLOT FOR ACCEPTING OR REJECTING THE**
**CHAPTER 11 PLAN OF REORGANIZATION OF AMSTERDAM HOUSE**
**CONTINUING CARE RETIREMENT COMMUNITY, INC.**

**THIS BALLOT IS EXCLUSIVELY FOR USE BY**
**BENEFICIAL HOLDERS OF CLASS 2 – SERIES 2007A/B BOND CLAIMS**

</div>

| |
|:---:|
| **CUSIP: 63166UAD3** |
| **CUSIP: 63166UAE1** |
| **CUSIP: 63166UAF8** |
| **CUSIP: 63166UAA9** |

       This ballot (this "<u>Ballot</u>") is being sent to beneficial holders (collectively, the "<u>Beneficial Holders</u>") of the Series 2007A Bonds and the Series 2007B Bonds (collectively the "<u>Series 2007A/B Bonds</u>") for use in voting to accept or reject the Debtor's Plan of Reorganization under Chapter 11 of the Bankruptcy Code, dated July 22, 2014 (together with all exhibits and schedules and as it may be amended, modified and/or supplemented from time to time in accordance with the terms therein, the "<u>Plan</u>") and in connection with the Disclosure Statement for Debtor's Plan of Reorganization under Chapter 11 of the Bankruptcy Code, dated July 22, 2014 (the "<u>Disclosure Statement</u>"), copies of which accompany this Ballot. All capitalized terms not defined herein shall have the meanings given to them in the Plan.

       You are receiving this Ballot because records maintained by your broker, dealer, commercial bank, trust company, or other nominee or intermediary ("<u>Nominee</u>") indicate that you are a Beneficial Holder of a Claim arising under, related to, or in connection with the Series 2007A/B Bonds. Accordingly, you have a right to vote to accept or reject the Plan.

---

[1] The last four digits of the Debtor's federal tax identification number are 1764.  The Debtor's mailing address is 300 East Overlook, Port Washington, New York 11050.

Your rights are described in the Disclosure Statement, which is included in the Solicitation Package you are receiving with this Ballot. This Ballot may not be used for any purpose other than casting votes to accept or reject the Plan and making certain certifications with respect to the Series 2007C Bonds.  The Plan can be confirmed by the Bankruptcy Court and thereby made binding upon you if it is accepted by the holders of at least two-thirds in amount and more than one-half in number of Claims in Classes 2, 3, and 6 that vote on the Plan, and if it otherwise satisfies the requirements of section 1129(a) of the Bankruptcy Code.  If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds, among other things, that the Plan (a) provides fair and equitable treatment to, and does not unfairly discriminate against, each Class or Classes rejecting the Plan, and (b) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.

---

### IMPORTANT

You should review the Disclosure Statement and Plan before voting. You may wish to seek legal advice concerning the Plan and the classification and treatment of your claim or other claims under the Plan. Series 2007A/B Bond Claims have been placed in Class 2 under the Plan.

**VOTING DEADLINE: 5:00 p.m. (prevailing Eastern time) on October 7, 2014.**

**Voting Record Date: September 2, 2014.**

**Most Beneficial Holders will submit votes to accept or reject the Plan by completing a Ballot and returning it to their Nominee, who will then prepare and submit a master ballot (a "**Master Ballot**") to the Voting Agent. You may have received specific instructions from your Nominee for use in returning completed Ballots. Please follow the instructions provided by your Nominee and return your Ballot in sufficient time for your Nominee to complete and submit the Master Ballot so that it is received on or before the Voting Deadline. If a Master Ballot is not received by the Voting Agent on or before the Voting Deadline and such Voting Deadline is not extended, the vote will not count as an acceptance or rejection of the Plan. If the Plan is confirmed by the Bankruptcy Court, it will be binding on you whether or not you vote on the Plan.**

---

Copies of the Disclosure Statement and the Plan are available from the Voting Agent at
http://kccllc.net/harborside. The Plan and Disclosure Statement are also on file with the Clerk of the
Bankruptcy Court for the Eastern District of New York, and may be reviewed during regular hours of the
Bankruptcy Court or online through the Bankruptcy Court's internet website at
http://www.nyed.uscourts.gov/ accessible by those holding a PACER account.

A person signing a Ballot in his or her capacity as a trustee, executor, administrator, guardian, attorney-in-
fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity should indicate
such capacity when signing and, if requested, must submit proper evidence to the requesting party of
authorization to sign.

## RELEASES/EXCULPATIONS/INJUNCTIONS

*Section 8 of the Plan contains certain releases, exculpations, and injunctions of various parties, and
you should review Section 8 of the Plan to see such releases, exculpations, and injunctions. The
releases, exculpations, and injunctions are also set forth below.*

      A.      **Releases by the Debtor (Section 8.2 of the Plan).**

**Pursuant to section 1123(b) of the Bankruptcy Code, as of the Effective Date, and except as
otherwise specifically provided in the Plan, the Plan Supplement, or the Confirmation Order, for
good and valuable consideration, including the service of the Released Parties to facilitate the
expeditious reorganization of the Debtor and the implementation of the restructuring contemplated
by the Plan, the Released Parties are deemed released and discharged by the Debtor, the
Reorganized Debtor, and the Estate from any and all claims, interests, obligations, rights, suits,
damages, Causes of Action, setoffs, recoupments, remedies, and liabilities whatsoever, including
any derivative claims asserted or assertable on behalf of the Debtor, whether known or unknown,
foreseen or unforeseen, existing or hereafter arising, in law, equity, or otherwise, that the Debtor,
the Reorganized Debtor, the Estate, or the Released Parties would have been legally entitled to
assert in their own right (whether individually or collectively) or on behalf of the holder of any
Claim or Interest, or other Person, based on or relating to, or in any manner arising from, in whole
or in part, the Debtor, the Debtor's restructuring, the Chapter 11 Case, the purchase, sale, or
rescission of the purchase or sale of any security of the Debtor or the Reorganized Debtor, the
subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated
in the Plan, the subject matter of, or the transactions or events giving rise to, any Claim or Interest
that is treated in the Plan, the business or contractual arrangements between the Debtor and any
Released Party, the restructuring of Claims and Interests before or during the Chapter 11 Case, the
negotiation, formulation, or preparation of the Plan and the Disclosure Statement, the Plan
Supplement or related agreements, instruments, or other documents, upon any other act or
omission, transaction, agreement, event, or other occurrence relating to the Debtor taking place on
or before the Effective Date (collectively, the "Debtor Released Claims"), other than claims or
liabilities arising out of or relating to any act or omission of a Released Party or a former officer or
director of the Debtor that constitutes willful misconduct (including fraud) or gross negligence.
Notwithstanding anything to the contrary in the foregoing, the release set forth above does not
release any post-Effective Date obligations of any party under the Plan or any document,
instrument, or agreement (including the Plan Supplement, inclusive of the 2014 Bond Documents)
executed to implement the Plan.**

**"Released Parties" means (i) the Debtor and its member or members, (ii) the Reorganized
Debtor and its member or members, (iii) each Consenting Holder in any capacity, (iv) the Issuer,
(v) the 2007 Bond Trustee in any capacity, and (vi) the current and former officers, directors,**

members, managers, employees, attorneys and advisors, each in their respective capacities as such, of each of the foregoing.

**B.**     **Releases by Holders of Claims (Section 8.3 of the Plan).**

As of the Effective Date and except as otherwise specifically provided in the Plan, the Plan Supplement, or the Confirmation Order, for good and valuable consideration, each Releasing Party shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged the Debtor, the Reorganized Debtor, the Estate, and the Released Parties from any and all claims, interests, obligations, rights, suits, damages, Causes of Action, setoffs, recoupments, remedies, and liabilities whatsoever, including any derivative claims asserted or assertable on behalf of the Debtor, whether known or unknown, foreseen or unforeseen, existing or hereafter arising, in law, equity, or otherwise, that such Person would have been legally entitled to assert in its own right (whether individually or collectively) or on behalf of any other Person, based on or relating to, or in any manner arising from, in whole or in part, the Debtor, the Debtor's restructuring, the Chapter 11 Case, the purchase, sale, or rescission of the purchase or sale of any security of the Debtor or the Reorganized Debtor, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between the Debtor and any Released Party, the restructuring of Claims and Interests before or during the Chapter 11 Case, the negotiation, formulation, or preparation of the Plan, the Disclosure Statement, the Plan Supplement or related agreements, instruments, or other documents, upon any other act or omission, transaction, agreement, event or other occurrence relating to the Debtor taking place on or before the Effective Date (collectively, "<u>Released Claims</u>"), other than claims or liabilities arising out of or relating to any act or omission of a Released Party or a former officer or director of the Debtor that constitutes willful misconduct (including fraud) or gross negligence; <u>provided</u>, <u>however</u>, that the Plan shall not release the Debtor, the Reorganized Debtor, and the Released Parties from any Cause of Action held by a governmental entity existing as of the Effective Date based on (i) the Internal Revenue Code or other domestic state, city, or municipal tax code, (ii) the environmental laws of the United States or any domestic state, city, or municipality, (iii) any criminal laws of the United States or any domestic state, city, or municipality, (iv) the Securities and Exchange Act of 1934 (as now in effect or hereafter amended), the Securities Act of 1933 (as now in effect or hereafter amended), or other securities laws of the United States or any domestic state, city, or municipality, (v) the Employee Retirement Income Security Act of 1974, as amended, or (vi) the laws and regulations of the Bureau of Customs and Border Protection of the United States Department of Homeland Security. Notwithstanding anything to the contrary in the foregoing, the release set forth above does not release any post-Effective Date obligations of any party under the Plan or any document, instrument, or agreement (including the Plan Supplement, inclusive of the 2014 Bond Documents) executed to implement the Plan.

"<u>Releasing Party</u>" means each holder of a Claim who has voted to accept the Plan and who has not chosen, by marking the appropriate box on the Ballot, to opt out of the "Release by Holders of Claims" provided for in Section 8.3 of the Plan (and set forth above).

**C.**     **Exculpation (Section 8.4 of the Plan).**

Upon and effective as of the Effective Date, the Debtor and its officers, employees, attorneys, investment bankers, financial advisors, and other professional advisors and agents will be deemed to have solicited acceptances of the Plan in good faith and in compliance with the applicable provisions of the Bankruptcy Code, including section 1125(e) of the Bankruptcy Code.

Except with respect to any acts or omissions expressly set forth in and preserved by the Plan, the Plan Supplement, or any related documents, the Exculpated Parties shall neither have, nor incur any liability to any entity for any prepetition or postpetition act taken or omitted to be taken in connection with, or related to formulating, negotiating, preparing, disseminating, implementing, administering, confirming, or effecting the Plan or any contract, instrument, release, or other agreement or document created or entered into in connection with the Plan, the filing of the Chapter 11 Case, the pursuit of confirmation of the Plan, the administration and implementation of the Plan, the distribution of property under the Plan, or any other related agreement or any other prepetition or postpetition act taken or omitted to be taken in connection with or in contemplation of the restructuring of the Debtor; provided, that the foregoing "exculpation" shall have no effect on the liability of any entity that results from any such act or omission that is determined in a Final Order to have constituted gross negligence or willful misconduct (including fraud); provided, further, that each Exculpated Party shall be entitled to rely upon the advice of counsel concerning his, her, or its duties pursuant to, or in connection with, the Plan or any other related document, instrument, or agreement.

"Exculpated Party" means each of: (i) the Debtor and its member or members, (ii) the Reorganized Debtor and its member or members, (iii) each Consenting Holder in any capacity, (iv) the Issuer, (v) the 2007 Bond Trustee in any capacity, and (vi) the current and former officers, directors, members, managers, employees, attorneys, and advisors, each in their respective capacities as such, of each of the foregoing.

D.      Injunction (Section 8.6 of the Plan).

FROM AND AFTER THE EFFECTIVE DATE, ALL ENTITIES ARE PERMANENTLY ENJOINED FROM COMMENCING OR CONTINUING IN ANY MANNER, ANY SUIT, ACTION, OR OTHER PROCEEDING, ON ACCOUNT OF OR RESPECTING ANY CLAIM, DEMAND, LIABILITY, OBLIGATION, DEBT, RIGHT, CAUSE OF ACTION, INTEREST, OR REMEDY RELEASED OR TO BE RELEASED PURSUANT TO THE PLAN OR THE CONFIRMATION ORDER.

FROM AND AFTER THE EFFECTIVE DATE, TO THE EXTENT OF THE RELEASES AND EXCULPATION GRANTED IN THE PLAN, ALL RELEASING PARTIES SHALL BE PERMANENTLY ENJOINED FROM COMMENCING OR CONTINUING IN ANY MANNER AGAINST THE RELEASED PARTIES AND THE EXCULPATED PARTIES AND THEIR ASSETS AND PROPERTIES, AS THE CASE MAY BE, ANY SUIT, ACTION, OR OTHER PROCEEDING ON ACCOUNT OF, IN CONNECTION WITH, OR WITH RESPECT TO ANY CLAIM, DEMAND, LIABILITY, OBLIGATION, DEBT, RIGHT, CAUSE OF ACTION, INTEREST, OR REMEDY RELEASED OR TO BE RELEASED PURSUANT TO THE PLAN.

EXCEPT AS OTHERWISE EXPRESSLY PROVIDED IN THE PLAN, THE PLAN SUPPLEMENT, OR RELATED DOCUMENTS, OR FOR OBLIGATIONS ISSUED PURSUANT TO THE PLAN (INCLUDING, BUT NOT LIMITED TO, THE OBLIGATIONS RELATING TO THE 2014 BONDS), ALL PERSONS WHO HAVE HELD, HOLD, OR MAY HOLD CLAIMS OR INTERESTS THAT HAVE BEEN RELEASED, DISCHARGED, OR ARE SUBJECT TO EXCULPATION, ARE PERMANENTLY ENJOINED, FROM AND AFTER THE EFFECTIVE DATE, FROM TAKING ANY OF THE FOLLOWING ACTIONS: (I) COMMENCING OR CONTINUING IN ANY MANNER ANY ACTION OR OTHER PROCEEDING OF ANY KIND ON ACCOUNT OF, IN CONNECTION WITH, OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS; (II) ENFORCING, ATTACHING, COLLECTING, OR RECOVERING BY ANY MANNER OR MEANS ANY JUDGMENT, AWARD, DECREE, OR ORDER AGAINST

SUCH PERSONS ON ACCOUNT OF, IN CONNECTION WITH, OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS; (III) CREATING, PERFECTING, OR ENFORCING ANY ENCUMBRANCE OF ANY KIND AGAINST SUCH PERSONS OR THE PROPERTY OR ESTATE OF SUCH PERSONS ON ACCOUNT OF, IN CONNECTION WITH, OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS; AND (IV) COMMENCING OR CONTINUING IN ANY MANNER ANY ACTION OR OTHER PROCEEDING OF ANY KIND ON ACCOUNT OF, IN CONNECTION WITH, OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS RELEASED, SETTLED, OR DISCHARGED PURSUANT TO THE PLAN.

THE RIGHTS AFFORDED IN THE PLAN AND THE TREATMENT OF ALL CLAIMS AND INTERESTS THEREIN SHALL BE IN EXCHANGE FOR AND IN COMPLETE SATISFACTION OF ALL CLAIMS AND INTERESTS OF ANY NATURE WHATSOEVER, INCLUDING ANY INTEREST ACCRUED ON CLAIMS FROM AND AFTER THE PETITION DATE, AGAINST THE DEBTOR OR ANY OF ITS ASSETS, PROPERTY, OR ESTATE. ON THE EFFECTIVE DATE, ALL SUCH CLAIMS AGAINST THE DEBTOR SHALL BE FULLY RELEASED AND DISCHARGED, AND THE INTERESTS SHALL BE CANCELLED (EXCEPT AS OTHERWISE EXPRESSLY PROVIDED IN THE PLAN).

EXCEPT AS OTHERWISE EXPRESSLY PROVIDED FOR IN THE PLAN OR IN OBLIGATIONS ISSUED PURSUANT TO THE PLAN (INCLUDING, BUT NOT LIMITED TO, THE OBLIGATIONS RELATING TO THE 2014 BONDS) FROM AND AFTER THE EFFECTIVE DATE, ALL CLAIMS AGAINST THE DEBTOR SHALL BE FULLY RELEASED AND DISCHARGED, AND ALL INTERESTS SHALL BE CANCELLED, AND THE DEBTOR'S LIABILITY WITH RESPECT THERETO SHALL BE EXTINGUISHED COMPLETELY, INCLUDING ANY LIABILITY OF THE KIND SPECIFIED UNDER SECTION 502(g) OF THE BANKRUPTCY CODE.

ALL PERSONS SHALL BE PRECLUDED FROM ASSERTING AGAINST THE DEBTOR, THE DEBTOR'S ESTATE, THE REORGANIZED DEBTOR, EACH OF THEIR RESPECTIVE SUCCESSORS AND ASSIGNS, AND EACH OF THEIR ASSETS AND PROPERTIES, ANY OTHER CLAIMS OR INTERESTS BASED UPON ANY DOCUMENTS, INSTRUMENTS, OR ANY ACT OR OMISSION, TRANSACTION, OR OTHER ACTIVITY OF ANY KIND OR NATURE THAT OCCURRED BEFORE THE EFFECTIVE DATE.

### Accepting or Rejecting the Plan

Please note that the Plan contemplates separate classes of creditors for voting and distribution purposes. You may hold claims in more than one class. However, you may not split your vote within a class. You must vote all of your Class 2 Series 2007A/B Bond Claims to accept or to reject the Plan.

Unless you elect to opt-out, any vote to accept the Plan constitutes your consent to the releases, injunctions, and exculpation provisions specified in Section 8 of the Plan. Notwithstanding the foregoing, (a) in the event that the Plan is not confirmed, no party shall be deemed to have given, or receive, a release of any claims under the Plan, and (b) the Plan further provides that the release contained in Section 8.3 shall not apply to any entity that, on its ballot accepting the Plan, checks the box next to the words: "If you voted to accept the Plan, please check this box only if you elect *not* to give or receive a release pursuant to Section 8.3 of the Plan."

Any Class 2 2007A/B Series Bond Claim represented by this Ballot that (a) does not indicate either an acceptance or a rejection of the Plan, (b) indicates both an acceptance and a rejection of the Plan, or (c) is

incomplete, illegible, or unsigned, will not be included in any calculation of votes with respect to the Plan.

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE PROCEDURES TO VOTE WITH RESPECT TO THE PLAN OR YOU WOULD LIKE ADDITIONAL COPIES OF THE DISCLOSURE STATEMENT, PLEASE CALL THE VOTING AGENT, KURTZMAN CARSON CONSULTANTS LLC, AT (877) 565-8216.**

Please complete the Ballot on the next page.

## ACCEPTANCE OR REJECTION OF THE CHAPTER 11 PLAN OF REORGANIZATION OF AMSTERDAM HOUSE CONTINUING CARE RETIREMENT COMMUNITY, INC.

The undersigned hereby certifies that the undersigned is the Beneficial Holder (or authorized signatory for a Beneficial Holder) or the Nominee of a Beneficial Holder of Series 2007A/B Bonds in the following principal amount*:

*If the amount has not been provided by your Nominee on a label below, please insert the amount in the box below. If you do not see a label below, your Nominee may have affixed the label to another page, including the back of a page. If your Series 2007A/B Bonds are held by a Nominee on your behalf and you do not know the amount of Series 2007A/B Bonds held or the amount provided on the label is incorrect, please contact your Nominee immediately.

Amount Held:_____

### Class 2 - 2007A/B Series Bond Claim

| | |
|---|---|
| ☐ **ACCEPTS** (votes FOR) the Plan. | |
| ☐ **REJECTS** (votes AGAINST) the Plan. | |

☐   If you voted to accept the Plan, please check this box only if you elect *not* to give or receive a release pursuant to Section 8.3 of the Plan.

### Certification

By signing and returning this Ballot, the undersigned certifies that it is the Beneficial Holder (or the authorized signatory with full power and authority to vote for the Beneficial Holder) of one or more Series 2007A/B Bonds described above to which this Ballot pertains.

Name of Holder: _____

Social Security or Federal Tax I.D. No.: _____

Bank/Broker with Custody of Series 2007A/B Bonds (Optional): _____

Bank/Broker DTC Number (Optional): _____

Signature: _____

Print Name: _____

Title (if other than individual): _____

Address: _____

Telephone Number: _____    Email (Optional): _____

Date Completed: _____

| PLEASE USE THE RETURN ENVELOPE PROVIDED |

---

**VOTING DEADLINE**

**THE VOTING DEADLINE IS October 7, 2014, 2014 AT 5:00 P.M. (PREVAILING EASTERN TIME).**

**UNLESS OTHERWISE DIRECTED, THIS BALLOT MUST BE RETURNED TO YOUR NOMINEE WITH SUFFICIENT TIME TO PERMIT MASTER BALLOTS TO BE RETURNED TO THE VOTING AGENT PRIOR TO THE VOTING DEADLINE.**

**Exhibit 2B**

**Class 3 Beneficial Holder Ballot**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x
                                                         :
In re:                                                   :          **Chapter 11**
                                                         :
**AMSTERDAM HOUSE CONTINUING CARE**                      :          **Case No. 14-73348 (AST)**
**RETIREMENT COMMUNITY, INC.,**[1]                       :
                                                         :
                    **Debtor.**                          :
-------------------------------------------------------------------x

<div align="center">

**BENEFICIAL HOLDER BALLOT**
**CLASS 3 - SERIES 2007C BOND CLAIMS**

**No person has been authorized to give any information or advice, or to make any
representation, other than what is contained in the Disclosure Statement for
Debtor's Plan of Reorganization under Chapter 11 of the Bankruptcy Code.**

**BENEFICIAL HOLDER BALLOT FOR ACCEPTING OR REJECTING THE
CHAPTER 11 PLAN OF REORGANIZATION OF AMSTERDAM HOUSE
CONTINUING CARE RETIREMENT COMMUNITY, INC.**

**THIS BALLOT IS EXCLUSIVELY FOR USE BY
BENEFICIAL HOLDERS OF CLASS 3 – SERIES 2007C BOND CLAIMS**

</div>

| CUSIP: 63166UAB7 |
|:---:|

This ballot (this "<u>Ballot</u>") is being sent to beneficial holders (collectively, the "<u>Beneficial
Holders</u>") of the Series 2007C Bonds (the "<u>Series 2007C Bonds</u>") for use in voting to accept or reject the
Debtor's Plan of Reorganization under Chapter 11 of the Bankruptcy Code, dated July 22, 2014 (together
with all exhibits and schedules and as it may be amended, modified and/or supplemented from time to
time in accordance with the terms therein, the "<u>Plan</u>") and in connection with the Disclosure Statement
for Debtor's Plan of Reorganization under Chapter 11 of the Bankruptcy Code, dated July 22, 2014 (the
"<u>Disclosure Statement</u>"), copies of which accompany this Ballot. All capitalized terms not defined herein
shall have the meanings given to them in the Plan.

You are receiving this Ballot because records maintained by your broker, dealer, commercial
bank, trust company, or other nominee or intermediary ("<u>Nominee</u>") indicate that you are a Beneficial
Holder of a Claim arising under, related to, or in connection with the Series 2007C Bonds. Accordingly,
you have a right to vote to accept or reject the Plan.

Your rights are described in the Disclosure Statement, which is included in the Solicitation
Package you are receiving with this Ballot. This Ballot may not be used for any purpose other than

---

[1] The last four digits of the Debtor's federal tax identification number are 1764. The Debtor's mailing
address is 300 East Overlook, Port Washington, New York 11050.

casting votes to accept or reject the Plan and making certain certifications with respect to the Series 2007C Bonds. The Plan can be confirmed by the Bankruptcy Court and thereby made binding upon you if it is accepted by the holders of at least two-thirds in amount and more than one-half in number of Claims in Classes 2, 3, and 6 that vote on the Plan, and if it otherwise satisfies the requirements of section 1129(a) of the Bankruptcy Code. If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds, among other things, that the Plan (a) provides fair and equitable treatment to, and does not unfairly discriminate against, each Class or Classes rejecting the Plan, and (b) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.

---

**IMPORTANT**

You should review the Disclosure Statement and Plan before voting. You may wish to seek legal advice concerning the Plan and the classification and treatment of your claim or other claims under the Plan. Series 2007C Bond Claims have been placed in Class 3 under the Plan.

**VOTING DEADLINE: 5:00 p.m. (prevailing Eastern time) on October 7, 2014.**

**Voting Record Date: September 2, 2014.**

**Most Beneficial Holders will submit votes to accept or reject the Plan by completing a Ballot and returning it to their Nominee, who will then prepare and submit a master ballot (a "Master Ballot") to the Voting Agent. You may have received specific instructions from your Nominee for use in returning completed Ballots. Please follow the instructions provided by your Nominee and return your Ballot in sufficient time for your Nominee to complete and submit the Master Ballot so that it is received on or before the Voting Deadline. If a Master Ballot is not received by the Voting Agent on or before the Voting Deadline and such Voting Deadline is not extended, the vote will not count as an acceptance or rejection of the Plan. If the Plan is confirmed by the Bankruptcy Court, it will be binding on you whether or not you vote on the Plan.**

---

Copies of the Disclosure Statement and the Plan are available from the Voting Agent at http://kccllc.net/harborside. The Plan and Disclosure Statement are also on file with the Clerk of the Bankruptcy Court for the Eastern District of New York, and may be reviewed during regular hours of the Bankruptcy Court or online through the Bankruptcy Court's internet website at http://www.nyed.uscourts.gov/ accessible by those holding a PACER account.

A person signing a Ballot in his or her capacity as a trustee, executor, administrator, guardian, attorney-in-fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity should indicate such capacity when signing and, if requested, must submit proper evidence to the requesting party of authorization to sign.

---

## RELEASES/EXCULPATIONS/INJUNCTIONS

*Section 8 of the Plan contains certain releases, exculpations, and injunctions of various parties, and you should review Section 8 of the Plan to see such releases, exculpations, and injunctions. The releases, exculpations, and injunctions are also set forth below.*

A.      **Releases by the Debtor (Section 8.2 of the Plan).**

**Pursuant to section 1123(b) of the Bankruptcy Code, as of the Effective Date, and except as otherwise specifically provided in the Plan, the Plan Supplement, or the Confirmation Order, for**

good and valuable consideration, including the service of the Released Parties to facilitate the expeditious reorganization of the Debtor and the implementation of the restructuring contemplated by the Plan, the Released Parties are deemed released and discharged by the Debtor, the Reorganized Debtor, and the Estate from any and all claims, interests, obligations, rights, suits, damages, Causes of Action, setoffs, recoupments, remedies, and liabilities whatsoever, including any derivative claims asserted or assertable on behalf of the Debtor, whether known or unknown, foreseen or unforeseen, existing or hereafter arising, in law, equity, or otherwise, that the Debtor, the Reorganized Debtor, the Estate, or the Released Parties would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the holder of any Claim or Interest, or other Person, based on or relating to, or in any manner arising from, in whole or in part, the Debtor, the Debtor's restructuring, the Chapter 11 Case, the purchase, sale, or rescission of the purchase or sale of any security of the Debtor or the Reorganized Debtor, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between the Debtor and any Released Party, the restructuring of Claims and Interests before or during the Chapter 11 Case, the negotiation, formulation, or preparation of the Plan and the Disclosure Statement, the Plan Supplement or related agreements, instruments, or other documents, upon any other act or omission, transaction, agreement, event, or other occurrence relating to the Debtor taking place on or before the Effective Date (collectively, the "<u>Debtor Released Claims</u>"), other than claims or liabilities arising out of or relating to any act or omission of a Released Party or a former officer or director of the Debtor that constitutes willful misconduct (including fraud) or gross negligence. Notwithstanding anything to the contrary in the foregoing, the release set forth above does not release any post-Effective Date obligations of any party under the Plan or any document, instrument, or agreement (including the Plan Supplement, inclusive of the 2014 Bond Documents) executed to implement the Plan.

"<u>Released Parties</u>" means (i) the Debtor and its member or members, (ii) the Reorganized Debtor and its member or members, (iii) each Consenting Holder in any capacity, (iv) the Issuer, (v) the 2007 Bond Trustee in any capacity, and (vi) the current and former officers, directors, members, managers, employees, attorneys and advisors, each in their respective capacities as such, of each of the foregoing.

B.      <u>Releases by Holders of Claims (Section 8.3 of the Plan)</u>.

As of the Effective Date and except as otherwise specifically provided in the Plan, the Plan Supplement, or the Confirmation Order, for good and valuable consideration, each Releasing Party shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged the Debtor, the Reorganized Debtor, the Estate, and the Released Parties from any and all claims, interests, obligations, rights, suits, damages, Causes of Action, setoffs, recoupments, remedies, and liabilities whatsoever, including any derivative claims asserted or assertable on behalf of the Debtor, whether known or unknown, foreseen or unforeseen, existing or hereafter arising, in law, equity, or otherwise, that such Person would have been legally entitled to assert in its own right (whether individually or collectively) or on behalf of any other Person, based on or relating to, or in any manner arising from, in whole or in part, the Debtor, the Debtor's restructuring, the Chapter 11 Case, the purchase, sale, or rescission of the purchase or sale of any security of the Debtor or the Reorganized Debtor, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between the Debtor and any Released Party, the restructuring of Claims and Interests before or during the Chapter 11 Case, the negotiation, formulation, or preparation of the Plan, the Disclosure Statement, the Plan Supplement or related agreements, instruments, or other

documents, upon any other act or omission, transaction, agreement, event or other occurrence relating to the Debtor taking place on or before the Effective Date (collectively, "Released Claims"), other than claims or liabilities arising out of or relating to any act or omission of a Released Party or a former officer or director of the Debtor that constitutes willful misconduct (including fraud) or gross negligence; provided, however, that the Plan shall not release the Debtor, the Reorganized Debtor, and the Released Parties from any Cause of Action held by a governmental entity existing as of the Effective Date based on (i) the Internal Revenue Code or other domestic state, city, or municipal tax code, (ii) the environmental laws of the United States or any domestic state, city, or municipality, (iii) any criminal laws of the United States or any domestic state, city, or municipality, (iv) the Securities and Exchange Act of 1934 (as now in effect or hereafter amended), the Securities Act of 1933 (as now in effect or hereafter amended), or other securities laws of the United States or any domestic state, city, or municipality, (v) the Employee Retirement Income Security Act of 1974, as amended, or (vi) the laws and regulations of the Bureau of Customs and Border Protection of the United States Department of Homeland Security. Notwithstanding anything to the contrary in the foregoing, the release set forth above does not release any post-Effective Date obligations of any party under the Plan or any document, instrument, or agreement (including the Plan Supplement, inclusive of the 2014 Bond Documents) executed to implement the Plan.

"Releasing Party" means each holder of a Claim who has voted to accept the Plan and who has not chosen, by marking the appropriate box on the Ballot, to opt out of the "Release by Holders of Claims" provided for in Section 8.3 of the Plan (and set forth above).

C.    Exculpation (Section 8.4 of the Plan).

Upon and effective as of the Effective Date, the Debtor and its officers, employees, attorneys, investment bankers, financial advisors, and other professional advisors and agents will be deemed to have solicited acceptances of the Plan in good faith and in compliance with the applicable provisions of the Bankruptcy Code, including section 1125(e) of the Bankruptcy Code.

Except with respect to any acts or omissions expressly set forth in and preserved by the Plan, the Plan Supplement, or any related documents, the Exculpated Parties shall neither have, nor incur any liability to any entity for any prepetition or postpetition act taken or omitted to be taken in connection with, or related to formulating, negotiating, preparing, disseminating, implementing, administering, confirming, or effecting the Plan or any contract, instrument, release, or other agreement or document created or entered into in connection with the Plan, the filing of the Chapter 11 Case, the pursuit of confirmation of the Plan, the administration and implementation of the Plan, the distribution of property under the Plan, or any other related agreement or any other prepetition or postpetition act taken or omitted to be taken in connection with or in contemplation of the restructuring of the Debtor; provided, that the foregoing "exculpation" shall have no effect on the liability of any entity that results from any such act or omission that is determined in a Final Order to have constituted gross negligence or willful misconduct (including fraud); provided, further, that each Exculpated Party shall be entitled to rely upon the advice of counsel concerning his, her, or its duties pursuant to, or in connection with, the Plan or any other related document, instrument, or agreement.

"Exculpated Party" means each of: (i) the Debtor and its member or members, (ii) the Reorganized Debtor and its member or members, (iii) each Consenting Holder in any capacity, (iv) the Issuer, (v) the 2007 Bond Trustee in any capacity, and (vi) the current and former officers, directors, members, managers, employees, attorneys, and advisors, each in their respective capacities as such, of each of the foregoing.

D.    __Injunction (Section 8.6 of the Plan)__.

FROM AND AFTER THE EFFECTIVE DATE, ALL ENTITIES ARE PERMANENTLY ENJOINED FROM COMMENCING OR CONTINUING IN ANY MANNER, ANY SUIT, ACTION, OR OTHER PROCEEDING, ON ACCOUNT OF OR RESPECTING ANY CLAIM, DEMAND, LIABILITY, OBLIGATION, DEBT, RIGHT, CAUSE OF ACTION, INTEREST, OR REMEDY RELEASED OR TO BE RELEASED PURSUANT TO THE PLAN OR THE CONFIRMATION ORDER.

FROM AND AFTER THE EFFECTIVE DATE, TO THE EXTENT OF THE RELEASES AND EXCULPATION GRANTED IN THE PLAN, ALL RELEASING PARTIES SHALL BE PERMANENTLY ENJOINED FROM COMMENCING OR CONTINUING IN ANY MANNER AGAINST THE RELEASED PARTIES AND THE EXCULPATED PARTIES AND THEIR ASSETS AND PROPERTIES, AS THE CASE MAY BE, ANY SUIT, ACTION, OR OTHER PROCEEDING ON ACCOUNT OF, IN CONNECTION WITH, OR WITH RESPECT TO ANY CLAIM, DEMAND, LIABILITY, OBLIGATION, DEBT, RIGHT, CAUSE OF ACTION, INTEREST, OR REMEDY RELEASED OR TO BE RELEASED PURSUANT TO THE PLAN.

EXCEPT AS OTHERWISE EXPRESSLY PROVIDED IN THE PLAN, THE PLAN SUPPLEMENT, OR RELATED DOCUMENTS, OR FOR OBLIGATIONS ISSUED PURSUANT TO THE PLAN (INCLUDING, BUT NOT LIMITED TO, THE OBLIGATIONS RELATING TO THE 2014 BONDS), ALL PERSONS WHO HAVE HELD, HOLD, OR MAY HOLD CLAIMS OR INTERESTS THAT HAVE BEEN RELEASED, DISCHARGED, OR ARE SUBJECT TO EXCULPATION, ARE PERMANENTLY ENJOINED, FROM AND AFTER THE EFFECTIVE DATE, FROM TAKING ANY OF THE FOLLOWING ACTIONS: (I) COMMENCING OR CONTINUING IN ANY MANNER ANY ACTION OR OTHER PROCEEDING OF ANY KIND ON ACCOUNT OF, IN CONNECTION WITH, OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS; (II) ENFORCING, ATTACHING, COLLECTING, OR RECOVERING BY ANY MANNER OR MEANS ANY JUDGMENT, AWARD, DECREE, OR ORDER AGAINST SUCH PERSONS ON ACCOUNT OF, IN CONNECTION WITH, OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS; (III) CREATING, PERFECTING, OR ENFORCING ANY ENCUMBRANCE OF ANY KIND AGAINST SUCH PERSONS OR THE PROPERTY OR ESTATE OF SUCH PERSONS ON ACCOUNT OF, IN CONNECTION WITH, OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS; AND (IV) COMMENCING OR CONTINUING IN ANY MANNER ANY ACTION OR OTHER PROCEEDING OF ANY KIND ON ACCOUNT OF, IN CONNECTION WITH, OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS RELEASED, SETTLED, OR DISCHARGED PURSUANT TO THE PLAN.

THE RIGHTS AFFORDED IN THE PLAN AND THE TREATMENT OF ALL CLAIMS AND INTERESTS THEREIN SHALL BE IN EXCHANGE FOR AND IN COMPLETE SATISFACTION OF ALL CLAIMS AND INTERESTS OF ANY NATURE WHATSOEVER, INCLUDING ANY INTEREST ACCRUED ON CLAIMS FROM AND AFTER THE PETITION DATE, AGAINST THE DEBTOR OR ANY OF ITS ASSETS, PROPERTY, OR ESTATE.  ON THE EFFECTIVE DATE, ALL SUCH CLAIMS AGAINST THE DEBTOR SHALL BE FULLY RELEASED AND DISCHARGED, AND THE INTERESTS SHALL BE CANCELLED (EXCEPT AS OTHERWISE EXPRESSLY PROVIDED IN THE PLAN).

EXCEPT AS OTHERWISE EXPRESSLY PROVIDED FOR IN THE PLAN OR IN OBLIGATIONS ISSUED PURSUANT TO THE PLAN (INCLUDING, BUT NOT LIMITED TO, THE OBLIGATIONS RELATING TO THE 2014 BONDS) FROM AND AFTER THE EFFECTIVE DATE, ALL CLAIMS AGAINST THE DEBTOR SHALL BE FULLY RELEASED

**AND DISCHARGED, AND ALL INTERESTS SHALL BE CANCELLED, AND THE DEBTOR'S LIABILITY WITH RESPECT THERETO SHALL BE EXTINGUISHED COMPLETELY, INCLUDING ANY LIABILITY OF THE KIND SPECIFIED UNDER SECTION 502(g) OF THE BANKRUPTCY CODE.**

**ALL PERSONS SHALL BE PRECLUDED FROM ASSERTING AGAINST THE DEBTOR, THE DEBTOR'S ESTATE, THE REORGANIZED DEBTOR, EACH OF THEIR RESPECTIVE SUCCESSORS AND ASSIGNS, AND EACH OF THEIR ASSETS AND PROPERTIES, ANY OTHER CLAIMS OR INTERESTS BASED UPON ANY DOCUMENTS, INSTRUMENTS, OR ANY ACT OR OMISSION, TRANSACTION, OR OTHER ACTIVITY OF ANY KIND OR NATURE THAT OCCURRED BEFORE THE EFFECTIVE DATE.**

<u>**Accepting or Rejecting the Plan**</u>

Please note that the Plan contemplates separate classes of creditors for voting and distribution purposes. You may hold claims in more than one class.  However, you may not split your vote within a class.  You must vote all of your Class 3 Series 2007C Bond Claims to accept or to reject the Plan.

Unless you elect to opt-out, any vote to accept the Plan constitutes your consent to the releases, injunctions, and exculpation provisions specified in Section 8 of the Plan. Notwithstanding the foregoing, (a) in the event that the Plan is not confirmed, no party shall be deemed to have given, or receive, a release of any claims under the Plan, and (b) the Plan further provides that the release contained in Section 8.3 shall not apply to any entity that, on its ballot accepting the Plan, checks the box next to the words: "If you voted to accept the Plan, please check this box only if you elect *not* to give or receive a release pursuant to Section 8.3 of the Plan."

Any Class 3 2007C Series Bond Claim represented by this Ballot that (a) does not indicate either an acceptance or a rejection of the Plan, (b) indicates both an acceptance and a rejection of the Plan, or (c) is incomplete, illegible, or unsigned, will not be included in any calculation of votes with respect to the Plan.

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE PROCEDURES TO VOTE WITH RESPECT TO THE PLAN OR YOU WOULD LIKE ADDITIONAL COPIES OF THE DISCLOSURE STATEMENT, PLEASE CALL THE VOTING AGENT, KURTZMAN CARSON CONSULTANTS LLC, AT (877) 565-8216.**

Please complete the Ballot on the next page.

**ACCEPTANCE OR REJECTION OF THE CHAPTER 11 PLAN OF REORGANIZATION OF AMSTERDAM HOUSE CONTINUING CARE RETIREMENT COMMUNITY, INC.**

The undersigned hereby certifies that the undersigned is the Beneficial Holder (or authorized signatory for a Beneficial Holder) or the Nominee of a Beneficial Holder of Series 2007C Bonds in the following principal amount\*:

\*If the amount has not been provided by your Nominee on a label below, please insert the amount in the box below. If you do not see a label below, your Nominee may have affixed the label to another page, including the back of a page. If your Series 2007C Bonds are held by a Nominee on your behalf and you do not know the amount of Series 2007C Bonds held or the amount provided on the label is incorrect, please contact your Nominee immediately.

Amount Held:_____

Class 3 - 2007C Series Bond Claim

| | |
|---|---|
| ☐ **ACCEPTS** (votes FOR) the Plan. |
| ☐ **REJECTS** (votes AGAINST) the Plan. |

☐    If you voted to accept the Plan, please check this box only if you elect *not* to give or receive a release pursuant to Section 8.3 of the Plan.

**Certification**

By signing and returning this Ballot, the undersigned certifies that it is the Beneficial Holder (or the authorized signatory with full power and authority to vote for the Beneficial Holder) of one or more Series 2007C Bonds described above to which this Ballot pertains.

Name of Holder: _____

Social Security or Federal Tax I.D. No.: _____

Bank/Broker with Custody of Series 2007C Bonds (Optional): _____

Bank/Broker DTC Number (Optional): _____

Signature: _____

Print Name: _____

Title (if other than individual): _____

Address: _____

Telephone Number: _____    Email (Optional): _____

Date Completed: _____

| PLEASE USE THE RETURN ENVELOPE PROVIDED |
| :---: |

| **VOTING DEADLINE**<br><br>**THE VOTING DEADLINE IS October 7, 2014, 2014 AT 5:00 P.M. (PREVAILING EASTERN TIME).**<br><br>**UNLESS OTHERWISE DIRECTED, THIS BALLOT MUST BE RETURNED TO YOUR NOMINEE WITH SUFFICIENT TIME TO PERMIT MASTER BALLOTS TO BE RETURNED TO THE VOTING AGENT PRIOR TO THE VOTING DEADLINE.** |
| :---: |

**Exhibit 2C**

**Class 2 Master Ballot**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x
                           :

In re:                         :         **Chapter 11**
                           :

**AMSTERDAM HOUSE CONTINUING CARE**  :       **Case No. 14-73348 (AST)**
**RETIREMENT COMMUNITY, INC.,**[1]    :
                           :

           **Debtor.**           :
---------------------------------------------------------------x

## MASTER BALLOT
### CLASS 2 – SERIES 2007A/B BOND CLAIMS

**No person has been authorized to give any information or advice, or to make any representation, other than what is contained in the Disclosure Statement for the Debtor's Plan of Reorganization Under Chapter 11 of the Bankruptcy Code.**

**MASTER BALLOT FOR ACCEPTING OR REJECTING THE CHAPTER 11 PLAN OF REORGANIZATION OF AMSTERDAM HOUSE CONTINUING CARE RETIREMENT COMMUNITY, INC.**

**THIS BALLOT IS EXCLUSIVELY FOR THE USE BY NOMINEES FOR BENEFICIAL HOLDERS OF CLASS 2 - SERIES 2007A/B BOND CLAIMS**

| |
|---|
| **CUSIP: 63166UAD3** |
| **CUSIP: 63166UAE1** |
| **CUSIP: 63166UAF8** |
| **CUSIP: 63166UAA9** |

       This master ballot (this "<u>Master Ballot</u>") is to be used by you, as a bank, broker, nominee, or other intermediary (each of the foregoing, a "<u>Nominee</u>") for beneficial holders (collectively, the "<u>Beneficial Holders</u>") of the Series 2007A Bonds and the Series 2007B Bonds (the "<u>Series 2007A/B Bonds</u>"). This Master Ballot is being sent to Nominees for such Nominees to transmit the votes of Beneficial Holders to accept or reject the Debtor's Plan of Reorganization under Chapter 11 of the Bankruptcy Code, dated July 22, 2014 (together with all exhibits and schedules thereto and as it or they may be amended, modified and/or supplemented from time to time in accordance with the terms therein, the "<u>Plan</u>") and the Disclosure Statement for Debtor's Chapter 11 Plan of Reorganization Under Chapter 11 of the Bankruptcy Code, dated July 22, 2014 (the "<u>Disclosure Statement</u>"), copies of which accompany this Master Ballot. This Master Ballot must be voted on behalf of, and in accordance with the votes cast by, such Beneficial Holders.

       The Plan can be confirmed by the Bankruptcy Court and thereby made binding upon the Beneficial Holders for which you are the Nominee if it is accepted by the holders of two-thirds in amount

---

[1] The last four digits of the Debtor's federal tax identification number are 1764. The Debtor's mailing address is 300 East Overlook, Port Washington, New York 11050.

and more than one-half in number of claims in Classes 2, 3, and 6 that vote on the Plan, and if it otherwise satisfies the requirements of section 1129(a) of the Bankruptcy Code.  If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds, among other things, that the Plan (a) provides fair and equitable treatment to, and does not unfairly discriminate against, each Class or Classes rejecting the Plan, and (b) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.

---

**IMPORTANT**

Beneficial Holders for which you are the Nominee should review the Disclosure Statement and Plan before voting. Such Beneficial Holders may wish to seek legal advice concerning the Plan and the classification and treatment of their claim(s) under the Plan.

**VOTING DEADLINE:  5:00 p.m. (prevailing Eastern time) on <u>October 7</u>, 2014.**

**VOTING RECORD DATE:  September 2, 2014.**

If a Master Ballot is not received by Kurtzman Carson Consultants LLC (the "<u>Voting Agent</u>") on or before the Voting Deadline and the Voting Deadline is not extended, the vote may not count as an acceptance or rejection of the Plan.

If the Plan is confirmed by the Bankruptcy Court, it will be binding on the Beneficial Holders for which you are the Nominee whether or not such Beneficial Holders vote.

The Disclosure Statement and the Plan have been filed in the electronic municipal market access available from the municipal securities rulemaking board at <u>http://emma.msrb.org/M/Search.aspx</u>. Copies of the Plan and Disclosure Statement are also on file with the Clerk of the Bankruptcy Court for the Eastern District of New York, for review during the regular hours of the Bankruptcy Court or online through the Bankruptcy Court's internet website at <u>http://www.nyed.uscourts.gov/</u> which can be accessed by those holding a PACER account.

---

This Master Ballot is *not* a letter of transmittal and may *not* be used for any purpose other than to cast votes to accept or reject the Plan.

---

**HOW TO VOTE**

- COMPLETE A SEPARATE MASTER BALLOT FOR EACH CUSIP.

- REVIEW THE CERTIFICATIONS BELOW.

- **SIGN THE MASTER BALLOT.**

- RETURN MASTER BALLOT SO THAT IT IS RECEIVED ON OR BEFORE THE VOTING DEADLINE, AND PROVIDE A SCHEDULE OF EACH BENEFICIAL HOLDER WHO HAS VOTED TO ACCEPT THE PLAN *WITHOUT* OPTING OUT OF THE RELEASE WITH A COPY OF THE RESPECTIVE BENEFICIAL OWNER BALLOT.

- EACH BENEFICIAL HOLDER MUST VOTE THE FULL AMOUNT OF ITS CLASS 2 CLAIM TO *EITHER* ACCEPT *OR* REJECT THE PLAN AND MAY NOT SPLIT VOTES.

- ANY VOTE REPRESENTED BY THIS MASTER BALLOT THAT (A) DOES NOT INDICATE EITHER ACCEPTANCE OR REJECTION OF THE PLAN, (B) INDICATES BOTH ACCEPTANCE

---

AND REJECTION OF THE PLAN WITHIN THE SAME CLASS, (C) SPLITS ITS VOTE WITHIN THE SAME CLASS, OR (D) IS INCOMPLETE, ILLEGIBLE OR UNSIGNED, WILL NOT BE INCLUDED IN ANY CALCULATION OF VOTES WITH RESPECT TO THE PLAN.

**Item 1.** *Certification of Authority to Vote.* The undersigned certifies that, as of the Voting Deadline, the undersigned (check the applicable box below):

☐ Is a Nominee for the Beneficial Holders of the aggregate principal amounts of the Series 2007A/B Bond Claims listed below or is the registered holder of such claims; or

☐ Is acting under a power of attorney or agency (a copy of which will be provided upon request) granted by a Nominee that is the registered holder of the aggregate principal amounts of the Series 2007A/B Bond Claims listed below; or

☐ Has been granted a proxy (original attached hereto) from a Nominee or a Beneficial Holder that is the registered holder of the aggregate principal amounts of the Series 2007A/B Bond Claims listed below; and, accordingly, has full power and authority to vote to accept or reject the Plan on behalf of the Beneficial Holders of the Series 2007A/B Bond Claims listed below.

### RELEASES/EXCULPATIONS/INJUNCTIONS

*Section 8 of the Plan contains certain releases, exculpations, and injunctions of various parties, and you should review Section 8 of the Plan to see such releases, exculpations, and injunctions. The releases, exculpations, and injunctions are also set forth below.*

### A.    Releases by the Debtor (Section 8.2 of the Plan).

**Pursuant to section 1123(b) of the Bankruptcy Code, as of the Effective Date, and except as otherwise specifically provided in the Plan, the Plan Supplement, or the Confirmation Order, for good and valuable consideration, including the service of the Released Parties to facilitate the expeditious reorganization of the Debtor and the implementation of the restructuring contemplated by the Plan, the Released Parties are deemed released and discharged by the Debtor, the Reorganized Debtor, and the Estate from any and all claims, interests, obligations, rights, suits, damages, Causes of Action, setoffs, recoupments, remedies, and liabilities whatsoever, including any derivative claims asserted or assertable on behalf of the Debtor, whether known or unknown, foreseen or unforeseen, existing or hereafter arising, in law, equity, or otherwise, that the Debtor, the Reorganized Debtor, the Estate, or the Released Parties would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the holder of any Claim or Interest, or other Person, based on or relating to, or in any manner arising from, in whole or in part, the Debtor, the Debtor's restructuring, the Chapter 11 Case, the purchase, sale, or rescission of the purchase or sale of any security of the Debtor or the Reorganized Debtor, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between the Debtor and any Released Party, the restructuring of Claims and Interests before or during the Chapter 11 Case, the negotiation, formulation, or preparation of the Plan and the Disclosure Statement, the Plan Supplement or related agreements, instruments, or other documents, upon any other act or omission, transaction, agreement, event, or other occurrence relating to the Debtor taking place on or before the Effective Date (collectively, the "Debtor Released Claims"), other than claims or liabilities arising out of or relating to any act or omission of a Released Party or a former officer or director of the Debtor that constitutes willful misconduct (including fraud) or gross negligence.**

Notwithstanding anything to the contrary in the foregoing, the release set forth above does not release any post-Effective Date obligations of any party under the Plan or any document, instrument, or agreement (including the Plan Supplement, inclusive of the 2014 Bond Documents) executed to implement the Plan.

"**Released Parties**" means (i) the Debtor and its member or members, (ii) the Reorganized Debtor and its member or members, (iii) each Consenting Holder in any capacity, (iv) the Issuer, (v) the 2007 Bond Trustee in any capacity, and (vi) the current and former officers, directors, members, managers, employees, attorneys and advisors, each in their respective capacities as such, of each of the foregoing.

B.      Releases by Holders of Claims (Section 8.3 of the Plan).

As of the Effective Date and except as otherwise specifically provided in the Plan, the Plan Supplement, or the Confirmation Order, for good and valuable consideration, each Releasing Party shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged the Debtor, the Reorganized Debtor, the Estate, and the Released Parties from any and all claims, interests, obligations, rights, suits, damages, Causes of Action, setoffs, recoupments, remedies, and liabilities whatsoever, including any derivative claims asserted or assertable on behalf of the Debtor, whether known or unknown, foreseen or unforeseen, existing or hereafter arising, in law, equity, or otherwise, that such Person would have been legally entitled to assert in its own right (whether individually or collectively) or on behalf of any other Person, based on or relating to, or in any manner arising from, in whole or in part, the Debtor, the Debtor's restructuring, the Chapter 11 Case, the purchase, sale, or rescission of the purchase or sale of any security of the Debtor or the Reorganized Debtor, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between the Debtor and any Released Party, the restructuring of Claims and Interests before or during the Chapter 11 Case, the negotiation, formulation, or preparation of the Plan, the Disclosure Statement, the Plan Supplement or related agreements, instruments, or other documents, upon any other act or omission, transaction, agreement, event or other occurrence relating to the Debtor taking place on or before the Effective Date (collectively, "**Released Claims**"), other than claims or liabilities arising out of or relating to any act or omission of a Released Party or a former officer or director of the Debtor that constitutes willful misconduct (including fraud) or gross negligence; provided, however, that the Plan shall not release the Debtor, the Reorganized Debtor, and the Released Parties from any Cause of Action held by a governmental entity existing as of the Effective Date based on (i) the Internal Revenue Code or other domestic state, city, or municipal tax code, (ii) the environmental laws of the United States or any domestic state, city, or municipality, (iii) any criminal laws of the United States or any domestic state, city, or municipality, (iv) the Securities and Exchange Act of 1934 (as now in effect or hereafter amended), the Securities Act of 1933 (as now in effect or hereafter amended), or other securities laws of the United States or any domestic state, city, or municipality, (v) the Employee Retirement Income Security Act of 1974, as amended, or (vi) the laws and regulations of the Bureau of Customs and Border Protection of the United States Department of Homeland Security. Notwithstanding anything to the contrary in the foregoing, the release set forth above does not release any post-Effective Date obligations of any party under the Plan or any document, instrument, or agreement (including the Plan Supplement, inclusive of the 2014 Bond Documents) executed to implement the Plan.

"*Releasing Party*" means each holder of a Claim who has voted to accept the Plan and who has not chosen, by marking the appropriate box on the Ballot, to opt out of the "Release by Holders of Claims" provided for in Section 8.3 of the Plan (and set forth above). If you are a holder of a

Claim against the Debtor and do not wish to grant the "Release by Holders of Claims" set forth above, you may opt out of the release by marking the appropriate box on your Ballot.

     **C.**     <u>**Exculpation (Section 8.4 of the Plan).**</u>

     Upon and effective as of the Effective Date, the Debtor and its officers, employees, attorneys, investment bankers, financial advisors, and other professional advisors and agents will be deemed to have solicited acceptances of the Plan in good faith and in compliance with the applicable provisions of the Bankruptcy Code, including section 1125(e) of the Bankruptcy Code.

     Except with respect to any acts or omissions expressly set forth in and preserved by the Plan, the Plan Supplement, or any related documents, the Exculpated Parties shall neither have, nor incur any liability to any entity for any prepetition or postpetition act taken or omitted to be taken in connection with, or related to formulating, negotiating, preparing, disseminating, implementing, administering, confirming, or effecting the Plan or any contract, instrument, release, or other agreement or document created or entered into in connection with the Plan, the filing of the Chapter 11 Case, the pursuit of confirmation of the Plan, the administration and implementation of the Plan, the distribution of property under the Plan, or any other related agreement or any other prepetition or postpetition act taken or omitted to be taken in connection with or in contemplation of the restructuring of the Debtor; <u>provided</u>, <u>that</u> the foregoing "exculpation" shall have no effect on the liability of any entity that results from any such act or omission that is determined in a Final Order to have constituted gross negligence or willful misconduct (including fraud); <u>provided</u>, <u>further</u>, <u>that</u> each Exculpated Party shall be entitled to rely upon the advice of counsel concerning his, her, or its duties pursuant to, or in connection with, the Plan or any other related document, instrument, or agreement.

     "<u>Exculpated Party</u>" means each of: (i) the Debtor and its member or members, (ii) the Reorganized Debtor and its member or members, (iii) each Consenting Holder in any capacity, (iv) the Issuer, (v) the 2007 Bond Trustee in any capacity, and (vi) the current and former officers, directors, members, managers, employees, attorneys, and advisors, each in their respective capacities as such, of each of the foregoing.

     **D.**     <u>**Injunction (Section 8.6 of the Plan).**</u>

     FROM AND AFTER THE EFFECTIVE DATE, ALL ENTITIES ARE PERMANENTLY ENJOINED FROM COMMENCING OR CONTINUING IN ANY MANNER, ANY SUIT, ACTION, OR OTHER PROCEEDING, ON ACCOUNT OF OR RESPECTING ANY CLAIM, DEMAND, LIABILITY, OBLIGATION, DEBT, RIGHT, CAUSE OF ACTION, INTEREST, OR REMEDY RELEASED OR TO BE RELEASED PURSUANT TO THE PLAN OR THE CONFIRMATION ORDER.

     FROM AND AFTER THE EFFECTIVE DATE, TO THE EXTENT OF THE RELEASES AND EXCULPATION GRANTED IN THE PLAN, ALL RELEASING PARTIES SHALL BE PERMANENTLY ENJOINED FROM COMMENCING OR CONTINUING IN ANY MANNER AGAINST THE RELEASED PARTIES AND THE EXCULPATED PARTIES AND THEIR ASSETS AND PROPERTIES, AS THE CASE MAY BE, ANY SUIT, ACTION, OR OTHER PROCEEDING ON ACCOUNT OF, IN CONNECTION WITH, OR WITH RESPECT TO ANY CLAIM, DEMAND, LIABILITY, OBLIGATION, DEBT, RIGHT, CAUSE OF ACTION, INTEREST, OR REMEDY RELEASED OR TO BE RELEASED PURSUANT TO THE PLAN.

EXCEPT AS OTHERWISE EXPRESSLY PROVIDED IN THE PLAN, THE PLAN SUPPLEMENT, OR RELATED DOCUMENTS, OR FOR OBLIGATIONS ISSUED PURSUANT TO THE PLAN (INCLUDING, BUT NOT LIMITED TO, THE OBLIGATIONS RELATING TO THE 2014 BONDS), ALL PERSONS WHO HAVE HELD, HOLD, OR MAY HOLD CLAIMS OR INTERESTS THAT HAVE BEEN RELEASED, DISCHARGED, OR ARE SUBJECT TO EXCULPATION, ARE PERMANENTLY ENJOINED, FROM AND AFTER THE EFFECTIVE DATE, FROM TAKING ANY OF THE FOLLOWING ACTIONS: (I) COMMENCING OR CONTINUING IN ANY MANNER ANY ACTION OR OTHER PROCEEDING OF ANY KIND ON ACCOUNT OF, IN CONNECTION WITH, OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS; (II) ENFORCING, ATTACHING, COLLECTING, OR RECOVERING BY ANY MANNER OR MEANS ANY JUDGMENT, AWARD, DECREE, OR ORDER AGAINST SUCH PERSONS ON ACCOUNT OF, IN CONNECTION WITH, OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS; (III) CREATING, PERFECTING, OR ENFORCING ANY ENCUMBRANCE OF ANY KIND AGAINST SUCH PERSONS OR THE PROPERTY OR ESTATE OF SUCH PERSONS ON ACCOUNT OF, IN CONNECTION WITH, OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS; AND (IV) COMMENCING OR CONTINUING IN ANY MANNER ANY ACTION OR OTHER PROCEEDING OF ANY KIND ON ACCOUNT OF, IN CONNECTION WITH, OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS RELEASED, SETTLED, OR DISCHARGED PURSUANT TO THE PLAN.

THE RIGHTS AFFORDED IN THE PLAN AND THE TREATMENT OF ALL CLAIMS AND INTERESTS THEREIN SHALL BE IN EXCHANGE FOR AND IN COMPLETE SATISFACTION OF ALL CLAIMS AND INTERESTS OF ANY NATURE WHATSOEVER, INCLUDING ANY INTEREST ACCRUED ON CLAIMS FROM AND AFTER THE PETITION DATE, AGAINST THE DEBTOR OR ANY OF ITS ASSETS, PROPERTY, OR ESTATE. ON THE EFFECTIVE DATE, ALL SUCH CLAIMS AGAINST THE DEBTOR SHALL BE FULLY RELEASED AND DISCHARGED, AND THE INTERESTS SHALL BE CANCELLED (EXCEPT AS OTHERWISE EXPRESSLY PROVIDED IN THE PLAN).

EXCEPT AS OTHERWISE EXPRESSLY PROVIDED FOR IN THE PLAN OR IN OBLIGATIONS ISSUED PURSUANT TO THE PLAN (INCLUDING, BUT NOT LIMITED TO, THE OBLIGATIONS RELATING TO THE 2014 BONDS) FROM AND AFTER THE EFFECTIVE DATE, ALL CLAIMS AGAINST THE DEBTOR SHALL BE FULLY RELEASED AND DISCHARGED, AND ALL INTERESTS SHALL BE CANCELLED, AND THE DEBTOR'S LIABILITY WITH RESPECT THERETO SHALL BE EXTINGUISHED COMPLETELY, INCLUDING ANY LIABILITY OF THE KIND SPECIFIED UNDER SECTION 502(g) OF THE BANKRUPTCY CODE.

ALL PERSONS SHALL BE PRECLUDED FROM ASSERTING AGAINST THE DEBTOR, THE DEBTOR'S ESTATE, THE REORGANIZED DEBTOR, EACH OF THEIR RESPECTIVE SUCCESSORS AND ASSIGNS, AND EACH OF THEIR ASSETS AND PROPERTIES, ANY OTHER CLAIMS OR INTERESTS BASED UPON ANY DOCUMENTS, INSTRUMENTS, OR ANY ACT OR OMISSION, TRANSACTION, OR OTHER ACTIVITY OF ANY KIND OR NATURE THAT OCCURRED BEFORE THE EFFECTIVE DATE.

**Item 2.** *Vote on Plan.* The undersigned transmits the following votes of Beneficial Holders of the Series 2007A/B Bond Claims and (i) certifies that each is a Beneficial Holder of such Series 2007A/B Bonds as of the Voting Record Date and (ii) delivered to the undersigned, as Nominee, instructions directing the casting of such votes.

Unless the opt-out is elected, a vote to accept the Plan constitutes consent to the releases, injunctions, and exculpation provisions specified in the Plan. Section 8.3 of the Plan shall not apply to any entity that, on its ballot accepting the Plan, checks the box next to the words: "If you voted to accept the Plan, please check this box only if you elect *not* to give or receive a release pursuant to Section 8.3 of the Plan." Notwithstanding the foregoing, in the event that the Plan is not confirmed, no party shall be deemed to have given, or receive, a release of any claims under the Plan.

*Please note that a Beneficial Holder may not split its vote within its Class 2 Claims but must vote all Class 2 Claims either to accept or reject the Plan. Failure to do so will result in the vote not being included in the any calculation of votes with respect to the Plan.

## MASTER BALLOT

<u>Instructions</u>:  Please complete the following summary schedule for each separate CUSIP for which you act as Nominee. Additional schedules may be attached as necessary.

### CUSIP:

### ITEM 1. <u>CLASS 2 VOTES ON PLAN</u>

Please record below the Beneficial Holder's vote as it relates to Class 2.

### CLASS 2

| Number of Beneficial Owners ACCEPTING Plan | Principal Amount of Class 2 Claims ACCEPTING Plan | Number of Beneficial Owners REJECTING Plan | Principal Amount of Class 2 Claims REJECTING Plan |
|---|---|---|---|
| | $ | | $ |

### ITEM 2. <u>BENEFICIAL HOLDER RELEASE</u>

The undersigned certifies that the information provided below (including any information provided on additional sheets attached hereto) is a true and accurate schedule of the Beneficial Holders of Series 2007A/B Bond Claims who have **ACCEPTED** the Plan and have **ELECTED NOT TO OPT OUT** of the release in the Beneficial Holder Ballot. *Please provide a second copy of the Beneficial Holder Ballot for each Beneficial Holder that did not opt out of the release.*

Please note the Beneficial Holders listed below should not include those who (i) rejected the Plan or (ii) accepted the Plan and elected to opt out of the release.

Please complete the information requested below. Attach additional sheets if necessary.

| Customer Account Number for each Beneficial Holder | Principal amount of Bond Claims ACCEPTING Plan *and* Electing Not To Opt Out |
|---|---|
| 1. | $ |
| 2. | $ |
| 3. | $ |
| 4. | $ |
| 5. | $ |

## ITEM 3. <u>CERTIFICATION</u>

By signing below, the undersigned Nominee certifies that (i) the summary above is a true and accurate schedule of the Beneficial Holder Ballots delivered to the undersigned Nominee; (ii) the undersigned Nominee is the holder, through a position held at a securities depository, or in street name, of the Series 2007A/B Bonds set forth above; (iii) the undersigned Nominee will retain the Ballots returned by the Beneficial Holder identified above for at least one year after the Voting Deadline for disclosure to any appropriate party if so required; and (iv) each Beneficial Holder listed above has certified that it (a) is the holder of such Series 2007A/B Bonds, (b) has received a copy of the Disclosure Statement (including the exhibits and schedules thereto) and (c) understands that the solicitation of votes for the Plan is subject to all of the terms and conditions set forth in the Disclosure Statement and Plan.

Name of Nominee: _____

DTC Participant Number (if applicable): _____

Social Security or Federal Tax I.D. No.: _____

Signature: _____

Print Name: _____

Title (if corporation, partnership or LLC): _____

Street Address: _____

City, State, Zip Code: _____

Telephone Number: _____

Email Address (Optional): _____

Date Completed: _____

**INSERT MEDALLION STAMP:**

---

**This Master Ballot must be received by the Voting Agent at:**

**Kurtzman Carson Consultants LLC**
**Attn:  Harborside Claim Processing**
**2335 Alaska Avenue, El Segundo, California 90245**

**by <u>October 7, 2014 at 5:00 P.M. (prevailing Eastern time)</u> or votes may not be counted.**

**Master Ballots will be accepted by facsimile or other electronic delivery before or on the deadline provided that originals are received by the hearing on confirmation of the Plan.**

**For any questions, contact the Voting Agent at (877) 565-8216.**

---

**<u>Exhibit 2D</u>**

**Class 3 Master Ballot**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x
                                 :

In re:                            :           **Chapter 11**
                                   :

**AMSTERDAM HOUSE CONTINUING CARE**    :          **Case No. 14-73348 (AST)**
**RETIREMENT COMMUNITY, INC.,**[1]        :
                                   :

               **Debtor.**                  :
-------------------------------------------------------------------x

<div align="center">

**MASTER BALLOT**
**CLASS 3 – SERIES 2007C BOND CLAIMS**

**No person has been authorized to give any information or advice, or to make any representation, other than what is contained in the Disclosure Statement for the Debtor's Plan of Reorganization Under Chapter 11 of the Bankruptcy Code.**

**MASTER BALLOT FOR ACCEPTING OR REJECTING THE CHAPTER 11 PLAN OF REORGANIZATION OF AMSTERDAM HOUSE CONTINUING CARE RETIREMENT COMMUNITY, INC.**

**THIS BALLOT IS EXCLUSIVELY FOR THE USE BY NOMINEES FOR BENEFICIAL HOLDERS OF CLASS 3 - SERIES 2007C BOND CLAIMS**

</div>

| CUSIP: 63166UAB7 |
|:---:|

This master ballot (this "<u>Master Ballot</u>") is to be used by you, as a bank, broker, nominee, or other intermediary (each of the foregoing, a "<u>Nominee</u>") for beneficial holders (collectively, the "<u>Beneficial Holders</u>") of the Series 2007C Bonds (the "<u>Series 2007C Bonds</u>"). This Master Ballot is being sent to Nominees for such Nominees to transmit the votes of Beneficial Holders to accept or reject the Debtor's Plan of Reorganization under Chapter 11 of the Bankruptcy Code, dated July 22, 2014 (together with all exhibits and schedules thereto and as it or they may be amended, modified and/or supplemented from time to time in accordance with the terms therein, the "<u>Plan</u>") and the Disclosure Statement for Debtor's Chapter 11 Plan of Reorganization Under Chapter 11 of the Bankruptcy Code, dated July 22, 2014 (the "<u>Disclosure Statement</u>"), copies of which accompany this Master Ballot. This Master Ballot must be voted on behalf of, and in accordance with the votes cast by, such Beneficial Holders.

The Plan can be confirmed by the Bankruptcy Court and thereby made binding upon the Beneficial Holders for which you are the Nominee if it is accepted by the holders of two-thirds in amount and more than one-half in number of claims in Classes 2, 3, and 6 that vote on the Plan, and if it otherwise satisfies the requirements of section 1129(a) of the Bankruptcy Code. If the requisite acceptances are not

---

[1] The last four digits of the Debtor's federal tax identification number are 1764. The Debtor's mailing address is 300 East Overlook, Port Washington, New York 11050.

obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds, among other things, that the Plan (a) provides fair and equitable treatment to, and does not unfairly discriminate against, each Class or Classes rejecting the Plan, and (b) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.

---

**IMPORTANT**

Beneficial Holders for which you are the Nominee should review the Disclosure Statement and Plan before voting. Such Beneficial Holders may wish to seek legal advice concerning the Plan and the classification and treatment of their claim(s) under the Plan.

**VOTING DEADLINE:  5:00 p.m. (prevailing Eastern time) on October 7, 2014.**

**VOTING RECORD DATE:  September 2, 2014.**

If a Master Ballot is not received by Kurtzman Carson Consultants LLC (the "Voting Agent") on or before the Voting Deadline and the Voting Deadline is not extended, the vote may not count as an acceptance or rejection of the Plan.

If the Plan is confirmed by the Bankruptcy Court, it will be binding on the Beneficial Holders for which you are the Nominee whether or not such Beneficial Holders vote.

The Disclosure Statement and the Plan have been filed in the electronic municipal market access available from the municipal securities rulemaking board at http://emma.msrb.org/M/Search.aspx. Copies of the Plan and Disclosure Statement are also on file with the Clerk of the Bankruptcy Court for the Eastern District of New York, for review during the regular hours of the Bankruptcy Court or online through the Bankruptcy Court's internet website at http://www.nyed.uscourts.gov/ which can be accessed by those holding a PACER account.

---

This Master Ballot is *not* a letter of transmittal and may *not* be used for any purpose other than to cast votes to accept or reject the Plan.

---

**HOW TO VOTE**

- COMPLETE A SEPARATE MASTER BALLOT FOR EACH CUSIP.

- REVIEW THE CERTIFICATIONS BELOW.

- **SIGN THE MASTER BALLOT.**

- RETURN MASTER BALLOT SO THAT IT IS RECEIVED ON OR BEFORE THE VOTING DEADLINE, AND PROVIDE A SCHEDULE OF EACH BENEFICIAL HOLDER WHO HAS VOTED TO ACCEPT THE PLAN *WITHOUT* OPTING OUT OF THE RELEASE WITH A COPY OF THE RESPECTIVE BENEFICIAL OWNER BALLOT.

- EACH BENEFICIAL HOLDER MUST VOTE THE FULL AMOUNT OF ITS CLASS 3 CLAIM TO *EITHER* ACCEPT *OR* REJECT THE PLAN AND MAY NOT SPLIT VOTES.

- ANY VOTE REPRESENTED BY THIS MASTER BALLOT THAT (A) DOES NOT INDICATE EITHER ACCEPTANCE OR REJECTION OF THE PLAN, (B) INDICATES BOTH ACCEPTANCE AND REJECTION OF THE PLAN WITHIN THE SAME CLASS, (C) SPLITS ITS VOTE WITHIN

THE SAME CLASS, OR (D) IS INCOMPLETE, ILLEGIBLE OR UNSIGNED, WILL NOT BE INCLUDED IN ANY CALCULATION OF VOTES WITH RESPECT TO THE PLAN.

**Item 1.** *Certification of Authority to Vote.* The undersigned certifies that, as of the Voting Deadline, the undersigned (check the applicable box below):

☐ Is a Nominee for the Beneficial Holders of the aggregate principal amounts of the Series 2007C Bond Claims listed below or is the registered holder of such claims; or

☐ Is acting under a power of attorney or agency (a copy of which will be provided upon request) granted by a Nominee that is the registered holder of the aggregate principal amounts of the Series 2007C Bond Claims listed below; or

☐ Has been granted a proxy (original attached hereto) from a Nominee or a Beneficial Holder that is the registered holder of the aggregate principal amounts of the Series 2007C Bond Claims listed below; and, accordingly, has full power and authority to vote to accept or reject the Plan on behalf of the Beneficial Holders of the Series 2007C Bond Claims listed below.

<center>**RELEASES/EXCULPATIONS/INJUNCTIONS**</center>

***Section 8 of the Plan contains certain releases, exculpations, and injunctions of various parties, and you should review Section 8 of the Plan to see such releases, exculpations, and injunctions. The releases, exculpations, and injunctions are also set forth below.***

  **A.**  <u>**Releases by the Debtor (Section 8.2 of the Plan).**</u>

    **Pursuant to section 1123(b) of the Bankruptcy Code, as of the Effective Date, and except as otherwise specifically provided in the Plan, the Plan Supplement, or the Confirmation Order, for good and valuable consideration, including the service of the Released Parties to facilitate the expeditious reorganization of the Debtor and the implementation of the restructuring contemplated by the Plan, the Released Parties are deemed released and discharged by the Debtor, the Reorganized Debtor, and the Estate from any and all claims, interests, obligations, rights, suits, damages, Causes of Action, setoffs, recoupments, remedies, and liabilities whatsoever, including any derivative claims asserted or assertable on behalf of the Debtor, whether known or unknown, foreseen or unforeseen, existing or hereafter arising, in law, equity, or otherwise, that the Debtor, the Reorganized Debtor, the Estate, or the Released Parties would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the holder of any Claim or Interest, or other Person, based on or relating to, or in any manner arising from, in whole or in part, the Debtor, the Debtor's restructuring, the Chapter 11 Case, the purchase, sale, or rescission of the purchase or sale of any security of the Debtor or the Reorganized Debtor, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between the Debtor and any Released Party, the restructuring of Claims and Interests before or during the Chapter 11 Case, the negotiation, formulation, or preparation of the Plan and the Disclosure Statement, the Plan Supplement or related agreements, instruments, or other documents, upon any other act or omission, transaction, agreement, event, or other occurrence relating to the Debtor taking place on or before the Effective Date (collectively, the "<u>Debtor Released Claims</u>"), other than claims or liabilities arising out of or relating to any act or omission of a Released Party or a former officer or director of the Debtor that constitutes willful misconduct (including fraud) or gross negligence. Notwithstanding anything to the contrary in the foregoing, the release set forth above does not**

<center>-3-</center>

release any post-Effective Date obligations of any party under the Plan or any document, instrument, or agreement (including the Plan Supplement, inclusive of the 2014 Bond Documents) executed to implement the Plan.

"**Released Parties**" means (i) the Debtor and its member or members, (ii) the Reorganized Debtor and its member or members, (iii) each Consenting Holder in any capacity, (iv) the Issuer, (v) the 2007 Bond Trustee in any capacity, and (vi) the current and former officers, directors, members, managers, employees, attorneys and advisors, each in their respective capacities as such, of each of the foregoing.

 B.  <u>Releases by Holders of Claims (Section 8.3 of the Plan).</u>

As of the Effective Date and except as otherwise specifically provided in the Plan, the Plan Supplement, or the Confirmation Order, for good and valuable consideration, each Releasing Party shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged the Debtor, the Reorganized Debtor, the Estate, and the Released Parties from any and all claims, interests, obligations, rights, suits, damages, Causes of Action, setoffs, recoupments, remedies, and liabilities whatsoever, including any derivative claims asserted or assertable on behalf of the Debtor, whether known or unknown, foreseen or unforeseen, existing or hereafter arising, in law, equity, or otherwise, that such Person would have been legally entitled to assert in its own right (whether individually or collectively) or on behalf of any other Person, based on or relating to, or in any manner arising from, in whole or in part, the Debtor, the Debtor's restructuring, the Chapter 11 Case, the purchase, sale, or rescission of the purchase or sale of any security of the Debtor or the Reorganized Debtor, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between the Debtor and any Released Party, the restructuring of Claims and Interests before or during the Chapter 11 Case, the negotiation, formulation, or preparation of the Plan, the Disclosure Statement, the Plan Supplement or related agreements, instruments, or other documents, upon any other act or omission, transaction, agreement, event or other occurrence relating to the Debtor taking place on or before the Effective Date (collectively, "<u>Released Claims</u>"), other than claims or liabilities arising out of or relating to any act or omission of a Released Party or a former officer or director of the Debtor that constitutes willful misconduct (including fraud) or gross negligence; <u>provided</u>, <u>however</u>, that the Plan shall not release the Debtor, the Reorganized Debtor, and the Released Parties from any Cause of Action held by a governmental entity existing as of the Effective Date based on (i) the Internal Revenue Code or other domestic state, city, or municipal tax code, (ii) the environmental laws of the United States or any domestic state, city, or municipality, (iii) any criminal laws of the United States or any domestic state, city, or municipality, (iv) the Securities and Exchange Act of 1934 (as now in effect or hereafter amended), the Securities Act of 1933 (as now in effect or hereafter amended), or other securities laws of the United States or any domestic state, city, or municipality, (v) the Employee Retirement Income Security Act of 1974, as amended, or (vi) the laws and regulations of the Bureau of Customs and Border Protection of the United States Department of Homeland Security. Notwithstanding anything to the contrary in the foregoing, the release set forth above does not release any post-Effective Date obligations of any party under the Plan or any document, instrument, or agreement (including the Plan Supplement, inclusive of the 2014 Bond Documents) executed to implement the Plan.

"<u>Releasing Party</u>" means each holder of a Claim who has voted to accept the Plan and who has not chosen, by marking the appropriate box on the Ballot, to opt out of the "Release by Holders of Claims" provided for in Section 8.3 of the Plan (and set forth above). If you are a holder of a Claim against the Debtor and do not wish to grant the "Release by Holders of Claims" set forth above, you may opt out of the release by marking the appropriate box on your Ballot.

C.    **Exculpation (Section 8.4 of the Plan).**

**Upon and effective as of the Effective Date, the Debtor and its officers, employees, attorneys, investment bankers, financial advisors, and other professional advisors and agents will be deemed to have solicited acceptances of the Plan in good faith and in compliance with the applicable provisions of the Bankruptcy Code, including section 1125(e) of the Bankruptcy Code.**

**Except with respect to any acts or omissions expressly set forth in and preserved by the Plan, the Plan Supplement, or any related documents, the Exculpated Parties shall neither have, nor incur any liability to any entity for any prepetition or postpetition act taken or omitted to be taken in connection with, or related to formulating, negotiating, preparing, disseminating, implementing, administering, confirming, or effecting the Plan or any contract, instrument, release, or other agreement or document created or entered into in connection with the Plan, the filing of the Chapter 11 Case, the pursuit of confirmation of the Plan, the administration and implementation of the Plan, the distribution of property under the Plan, or any other related agreement or any other prepetition or postpetition act taken or omitted to be taken in connection with or in contemplation of the restructuring of the Debtor; _provided_, _that_ the foregoing "exculpation" shall have no effect on the liability of any entity that results from any such act or omission that is determined in a Final Order to have constituted gross negligence or willful misconduct (including fraud); _provided_, _further_, _that_ each Exculpated Party shall be entitled to rely upon the advice of counsel concerning his, her, or its duties pursuant to, or in connection with, the Plan or any other related document, instrument, or agreement.**

**"_Exculpated Party_" means each of: (i) the Debtor and its member or members, (ii) the Reorganized Debtor and its member or members, (iii) each Consenting Holder in any capacity, (iv) the Issuer, (v) the 2007 Bond Trustee in any capacity, and (vi) the current and former officers, directors, members, managers, employees, attorneys, and advisors, each in their respective capacities as such, of each of the foregoing.**

D.    **Injunction (Section 8.6 of the Plan).**

**FROM AND AFTER THE EFFECTIVE DATE, ALL ENTITIES ARE PERMANENTLY ENJOINED FROM COMMENCING OR CONTINUING IN ANY MANNER, ANY SUIT, ACTION, OR OTHER PROCEEDING, ON ACCOUNT OF OR RESPECTING ANY CLAIM, DEMAND, LIABILITY, OBLIGATION, DEBT, RIGHT, CAUSE OF ACTION, INTEREST, OR REMEDY RELEASED OR TO BE RELEASED PURSUANT TO THE PLAN OR THE CONFIRMATION ORDER.**

**FROM AND AFTER THE EFFECTIVE DATE, TO THE EXTENT OF THE RELEASES AND EXCULPATION GRANTED IN THE PLAN, ALL RELEASING PARTIES SHALL BE PERMANENTLY ENJOINED FROM COMMENCING OR CONTINUING IN ANY MANNER AGAINST THE RELEASED PARTIES AND THE EXCULPATED PARTIES AND THEIR ASSETS AND PROPERTIES, AS THE CASE MAY BE, ANY SUIT, ACTION, OR OTHER PROCEEDING ON ACCOUNT OF, IN CONNECTION WITH, OR WITH RESPECT TO ANY CLAIM, DEMAND, LIABILITY, OBLIGATION, DEBT, RIGHT, CAUSE OF ACTION, INTEREST, OR REMEDY RELEASED OR TO BE RELEASED PURSUANT TO THE PLAN.**

**EXCEPT AS OTHERWISE EXPRESSLY PROVIDED IN THE PLAN, THE PLAN SUPPLEMENT, OR RELATED DOCUMENTS, OR FOR OBLIGATIONS ISSUED PURSUANT TO THE PLAN (INCLUDING, BUT NOT LIMITED TO, THE OBLIGATIONS RELATING TO THE 2014 BONDS), ALL PERSONS WHO HAVE HELD, HOLD, OR MAY HOLD CLAIMS OR**

INTERESTS THAT HAVE BEEN RELEASED, DISCHARGED, OR ARE SUBJECT TO EXCULPATION, ARE PERMANENTLY ENJOINED, FROM AND AFTER THE EFFECTIVE DATE, FROM TAKING ANY OF THE FOLLOWING ACTIONS: (I) COMMENCING OR CONTINUING IN ANY MANNER ANY ACTION OR OTHER PROCEEDING OF ANY KIND ON ACCOUNT OF, IN CONNECTION WITH, OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS; (II) ENFORCING, ATTACHING, COLLECTING, OR RECOVERING BY ANY MANNER OR MEANS ANY JUDGMENT, AWARD, DECREE, OR ORDER AGAINST SUCH PERSONS ON ACCOUNT OF, IN CONNECTION WITH, OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS; (III) CREATING, PERFECTING, OR ENFORCING ANY ENCUMBRANCE OF ANY KIND AGAINST SUCH PERSONS OR THE PROPERTY OR ESTATE OF SUCH PERSONS ON ACCOUNT OF, IN CONNECTION WITH, OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS; AND (IV) COMMENCING OR CONTINUING IN ANY MANNER ANY ACTION OR OTHER PROCEEDING OF ANY KIND ON ACCOUNT OF, IN CONNECTION WITH, OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS RELEASED, SETTLED, OR DISCHARGED PURSUANT TO THE PLAN.

THE RIGHTS AFFORDED IN THE PLAN AND THE TREATMENT OF ALL CLAIMS AND INTERESTS THEREIN SHALL BE IN EXCHANGE FOR AND IN COMPLETE SATISFACTION OF ALL CLAIMS AND INTERESTS OF ANY NATURE WHATSOEVER, INCLUDING ANY INTEREST ACCRUED ON CLAIMS FROM AND AFTER THE PETITION DATE, AGAINST THE DEBTOR OR ANY OF ITS ASSETS, PROPERTY, OR ESTATE.  ON THE EFFECTIVE DATE, ALL SUCH CLAIMS AGAINST THE DEBTOR SHALL BE FULLY RELEASED AND DISCHARGED, AND THE INTERESTS SHALL BE CANCELLED (EXCEPT AS OTHERWISE EXPRESSLY PROVIDED IN THE PLAN).

EXCEPT AS OTHERWISE EXPRESSLY PROVIDED FOR IN THE PLAN OR IN OBLIGATIONS ISSUED PURSUANT TO THE PLAN (INCLUDING, BUT NOT LIMITED TO, THE OBLIGATIONS RELATING TO THE 2014 BONDS) FROM AND AFTER THE EFFECTIVE DATE, ALL CLAIMS AGAINST THE DEBTOR SHALL BE FULLY RELEASED AND DISCHARGED, AND ALL INTERESTS SHALL BE CANCELLED, AND THE DEBTOR'S LIABILITY WITH RESPECT THERETO SHALL BE EXTINGUISHED COMPLETELY, INCLUDING ANY LIABILITY OF THE KIND SPECIFIED UNDER SECTION 502(g) OF THE BANKRUPTCY CODE.

ALL PERSONS SHALL BE PRECLUDED FROM ASSERTING AGAINST THE DEBTOR, THE DEBTOR'S ESTATE, THE REORGANIZED DEBTOR, EACH OF THEIR RESPECTIVE SUCCESSORS AND ASSIGNS, AND EACH OF THEIR ASSETS AND PROPERTIES, ANY OTHER CLAIMS OR INTERESTS BASED UPON ANY DOCUMENTS, INSTRUMENTS, OR ANY ACT OR OMISSION, TRANSACTION, OR OTHER ACTIVITY OF ANY KIND OR NATURE THAT OCCURRED BEFORE THE EFFECTIVE DATE.

**Item 2.**  *Vote on Plan.*  The undersigned transmits the following votes of Beneficial Holders of the Series 2007C Bond Claims and (i) certifies that each is a Beneficial Holder of such Series 2007C Bonds as of the Voting Record Date and (ii) delivered to the undersigned, as Nominee, instructions directing the casting of such votes.

Unless the opt-out is elected, a vote to accept the Plan constitutes consent to the releases, injunctions, and exculpation provisions specified in the Plan.  Section 8.3 of the Plan shall not apply to any entity that, on its ballot accepting the Plan, checks the box next to the words: "If you voted to accept the Plan, please check this box only if you elect *not* to give or receive a release pursuant to Section 8.3 of the Plan." A party that elects to opt out of granting a release shall not receive a release under Section 8.3 of the Plan.

Notwithstanding the foregoing, in the event that the Plan is not confirmed, no party shall be deemed to have given, or receive, a release of any claims under the Plan.

*Please note that a Beneficial Holder may not split its vote within its Class 3 Claims but must vote all Class 3 Claims either to accept or reject the Plan. Failure to do so will result in the vote not being included in the any calculation of votes with respect to the Plan.

## MASTER BALLOT

Instructions:  Please complete the following summary schedule for each separate CUSIP for which you act as nominee. Additional schedules may be attached as necessary.

### CUSIP:  63166UAB7

## ITEM 1. CLASS 3 VOTES ON PLAN

Please record below the Beneficial Holder's vote as it relates to Class 3.

### CLASS 3

| Number of Beneficial Owners ACCEPTING Plan | Principal Amount of Class 3 Claims ACCEPTING Plan | Number of Beneficial Owners REJECTING Plan | Principal Amount of Class 3 Claims REJECTING Plan |
|---|---|---|---|
| | $ | | $ |

## ITEM 2. BENEFICIAL HOLDER RELEASE

The undersigned certifies that the information provided below (including any information provided on additional sheets attached hereto) is a true and accurate schedule of the Beneficial Holders of Series 2007C Bond Claims who have **ACCEPTED** the Plan and have **ELECTED NOT TO OPT OUT** of the release in the Beneficial Holder Ballot. *Please provide a second copy of the Beneficial Holder Ballot for each Beneficial Holder that did not opt out of the release.*

Please note the Beneficial Holders listed below should not include those who (i) rejected the Plan or (ii) accepted the Plan and elected to opt out of the release.

Please complete the information requested below. Attach additional sheets if necessary.

| Customer Account Number for each Beneficial Holder | Principal amount of Bond Claims ACCEPTING Plan *and* Electing Not To Opt Out |
|---|---|
| 1. | $ |
| 2. | $ |
| 3. | $ |
| 4. | $ |
| 5. | $ |

## ITEM 3. <u>CERTIFICATION</u>

By signing below, the undersigned Nominee certifies that (i) the summary above is a true and accurate schedule of the Beneficial Holder Ballots delivered to the undersigned Nominee; (ii) the undersigned Nominee is the holder, through a position held at a securities depository, or in street name, of the Series 2007C Bonds set forth above; (iii) the undersigned Nominee will retain the Ballots returned by the Beneficial Holder identified above for at least one year after the Voting Deadline for disclosure to any appropriate party if so required; and (iv) each Beneficial Holder listed above has certified that it (a) is the holder of such Series 2007C Bonds, (b) has received a copy of the Disclosure Statement (including the exhibits and schedules thereto) and (c) understands that the solicitation of votes for the Plan is subject to all of the terms and conditions set forth in the Disclosure Statement and Plan.

Name of Nominee: _____

DTC Participant Number (if applicable): _____

Social Security or Federal Tax I.D. No.: _____

Signature: _____

Print Name: _____

Title (if corporation, partnership or LLC): _____

Street Address: _____

City, State, Zip Code: _____

Telephone Number: _____

Email Address (Optional): _____

Date Completed: _____

**INSERT MEDALLION STAMP:**

<div style="border:1px solid black">

**This Master Ballot must be received by the Voting Agent at:**

**Kurtzman Carson Consultants LLC**
**Attn:  Harborside Claim Processing**
**2335 Alaska Avenue, El Segundo, California 90245**

by <u>October 7, 2014 at 5:00 P.M. (prevailing Eastern time)</u> or votes may not be counted.

**Master Ballots will be accepted by facsimile or other electronic delivery before or on the deadline provided that originals are received by the hearing on confirmation of the Plan.**

**For any questions, contact the Voting Agent at (877) 565-8216.**

</div>

**Exhibit 2E**

**Class 6 Subvention Claim Ballot**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------x
                                    :

In re:                                 :           **Chapter 11**
                                      :

**AMSTERDAM HOUSE CONTINUING CARE**   :    **Case No. 14-73348 (AST)**
**RETIREMENT COMMUNITY, INC.,**[1]        :
                                      :

                **Debtor.**            :
-------------------------------------------------------------------x

## BALLOT: CLASS 6 - SUBVENTION CLAIM

**No person has been authorized to give any information or advice, or to make any representation, other than what is contained in the Disclosure Statement for Debtor's Plan of Reorganization under Chapter 11 of the Bankruptcy Code.**

**BALLOT FOR ACCEPTING OR REJECTING THE**
**CHAPTER 11 PLAN OF REORGANIZATION OF AMSTERDAM HOUSE**
**CONTINUING CARE RETIREMENT COMMUNITY, INC.**

**THIS BALLOT IS EXCLUSIVELY FOR USE BY**
**THE HOLDER OF THE CLASS 6 SUBVENTION CLAIM**

This ballot (this "Ballot") is being sent to the holder of the Class 6 Subvention Claim for use in voting to accept or reject the Debtor's Plan of Reorganization under Chapter 11 of the Bankruptcy Code, dated July 22, 2014 (together with all exhibits and schedules and as it may be amended, modified and/or supplemented from time to time in accordance with the terms therein, the "Plan") and in connection with the Disclosure Statement for Debtor's Plan of Reorganization under Chapter 11 of the Bankruptcy Code, dated July 22, 2014 (the "Disclosure Statement"), copies of which accompany this Ballot. All capitalized terms not defined herein shall have the meanings given to them in the Plan.

Your rights are described in the Disclosure Statement, which is included in the Solicitation Package you are receiving with this Ballot. This Ballot may not be used for any purpose other than casting votes to accept or reject the Plan and making certain certifications with respect to the Series 2007C Bonds. The Plan can be confirmed by the Bankruptcy Court and thereby made binding upon you if it is accepted by the holders of at least two-thirds in amount and more than one-half in number of Claims in Classes 2, 3, and 6 that vote on the Plan, and if it otherwise satisfies the requirements of section 1129(a) of the Bankruptcy Code. If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds, among other things, that the Plan (a) provides fair and equitable treatment to, and does not unfairly discriminate against, each Class or Classes rejecting the Plan, and (b) otherwise satisfies the requirements of section 1129(b) of the Bankruptcy Code.

---

[1] The last four digits of the Debtor's federal tax identification number are 1764. The Debtor's mailing address is 300 East Overlook, Port Washington, New York 11050.

---

**IMPORTANT**

You should review the Disclosure Statement and Plan before voting. You may wish to seek legal advice concerning the Plan and the classification and treatment of your claim or other claims under the Plan. The Subvention Claim has been placed in Class 6 under the Plan.

**VOTING DEADLINE: 5:00 p.m. (prevailing Eastern time) on October 7, 2014.**

**Voting Record Date: September 2, 2014.**

**If the Debtor's Voting Agent does not receive your Ballot on or before the Voting Deadline, and if the Voting Deadline is not extended, your vote will not count. You may return your Ballot in the return envelope provided in your package or send it to the Debtor's Voting Agent at:**

**Kurtzman Carson Consultants LLC**
**Attn: Amsterdam House Continuing Care Retirement Community, Inc. Ballot Processing**
**2335 Alaska Ave.**
**El Segundo, CA 90245**

---

Copies of the Disclosure Statement and the Plan are available from the Voting Agent at http://kccllc.net/harborside. The Plan and Disclosure Statement are also on file with the Clerk of the Bankruptcy Court for the Eastern District of New York, and may be reviewed during regular hours of the Bankruptcy Court or online through the Bankruptcy Court's internet website at http://www.nyed.uscourts.gov/ accessible by those holding a PACER account.

A person signing a Ballot in his or her capacity as a trustee, executor, administrator, guardian, attorney-in-fact, officer of a corporation, or otherwise acting in a fiduciary or representative capacity should indicate such capacity when signing and, if requested, must submit proper evidence to the requesting party of authorization to sign.

---

**RELEASES/EXCULPATIONS/INJUNCTIONS**

*Section 8 of the Plan contains certain releases, exculpations, and injunctions of various parties, and you should review Section 8 of the Plan to see such releases, exculpations, and injunctions. The releases, exculpations, and injunctions are also set forth below.*

A.    **Releases by the Debtor (Section 8.2 of the Plan).**

**Pursuant to section 1123(b) of the Bankruptcy Code, as of the Effective Date, and except as otherwise specifically provided in the Plan, the Plan Supplement, or the Confirmation Order, for good and valuable consideration, including the service of the Released Parties to facilitate the expeditious reorganization of the Debtor and the implementation of the restructuring contemplated by the Plan, the Released Parties are deemed released and discharged by the Debtor, the Reorganized Debtor, and the Estate from any and all claims, interests, obligations, rights, suits, damages, Causes of Action, setoffs, recoupments, remedies, and liabilities whatsoever, including any derivative claims asserted or assertable on behalf of the Debtor, whether known or unknown, foreseen or unforeseen, existing or hereafter arising, in law, equity, or otherwise, that the Debtor, the Reorganized Debtor, the Estate, or the Released Parties would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the holder of any Claim or Interest, or other Person, based on or relating to, or in any manner arising from, in whole or in part, the Debtor, the Debtor's restructuring, the Chapter 11 Case, the purchase, sale, or**

rescission of the purchase or sale of any security of the Debtor or the Reorganized Debtor, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between the Debtor and any Released Party, the restructuring of Claims and Interests before or during the Chapter 11 Case, the negotiation, formulation, or preparation of the Plan and the Disclosure Statement, the Plan Supplement or related agreements, instruments, or other documents, upon any other act or omission, transaction, agreement, event, or other occurrence relating to the Debtor taking place on or before the Effective Date (collectively, the "<u>Debtor Released Claims</u>"), other than claims or liabilities arising out of or relating to any act or omission of a Released Party or a former officer or director of the Debtor that constitutes willful misconduct (including fraud) or gross negligence. Notwithstanding anything to the contrary in the foregoing, the release set forth above does not release any post-Effective Date obligations of any party under the Plan or any document, instrument, or agreement (including the Plan Supplement, inclusive of the 2014 Bond Documents) executed to implement the Plan.

"<u>Released Parties</u>" means (i) the Debtor and its member or members, (ii) the Reorganized Debtor and its member or members, (iii) each Consenting Holder in any capacity, (iv) the Issuer, (v) the 2007 Bond Trustee in any capacity, and (vi) the current and former officers, directors, members, managers, employees, attorneys and advisors, each in their respective capacities as such, of each of the foregoing.

### B.    Releases by Holders of Claims (Section 8.3 of the Plan).

As of the Effective Date and except as otherwise specifically provided in the Plan, the Plan Supplement, or the Confirmation Order, for good and valuable consideration, each Releasing Party shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever released and discharged the Debtor, the Reorganized Debtor, the Estate, and the Released Parties from any and all claims, interests, obligations, rights, suits, damages, Causes of Action, setoffs, recoupments, remedies, and liabilities whatsoever, including any derivative claims asserted or assertable on behalf of the Debtor, whether known or unknown, foreseen or unforeseen, existing or hereafter arising, in law, equity, or otherwise, that such Person would have been legally entitled to assert in its own right (whether individually or collectively) or on behalf of any other Person, based on or relating to, or in any manner arising from, in whole or in part, the Debtor, the Debtor's restructuring, the Chapter 11 Case, the purchase, sale, or rescission of the purchase or sale of any security of the Debtor or the Reorganized Debtor, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between the Debtor and any Released Party, the restructuring of Claims and Interests before or during the Chapter 11 Case, the negotiation, formulation, or preparation of the Plan, the Disclosure Statement, the Plan Supplement or related agreements, instruments, or other documents, upon any other act or omission, transaction, agreement, event or other occurrence relating to the Debtor taking place on or before the Effective Date (collectively, "<u>Released Claims</u>"), other than claims or liabilities arising out of or relating to any act or omission of a Released Party or a former officer or director of the Debtor that constitutes willful misconduct (including fraud) or gross negligence; <u>provided</u>, <u>however</u>, that the Plan shall not release the Debtor, the Reorganized Debtor, and the Released Parties from any Cause of Action held by a governmental entity existing as of the Effective Date based on (i) the Internal Revenue Code or other domestic state, city, or municipal tax code, (ii) the environmental laws of the United States or any domestic state, city, or municipality, (iii) any criminal laws of the United States or any domestic state, city, or municipality, (iv) the Securities and Exchange Act of 1934 (as now in effect or hereafter amended), the Securities Act of 1933 (as now in effect or hereafter amended), or other securities laws of the United States or

any domestic state, city, or municipality, (v) the Employee Retirement Income Security Act of 1974, as amended, or (vi) the laws and regulations of the Bureau of Customs and Border Protection of the United States Department of Homeland Security.  Notwithstanding anything to the contrary in the foregoing, the release set forth above does not release any post-Effective Date obligations of any party under the Plan or any document, instrument, or agreement (including the Plan Supplement, inclusive of the 2014 Bond Documents) executed to implement the Plan.

"Releasing Party" means each holder of a Claim who has voted to accept the Plan and who has not chosen, by marking the appropriate box on the Ballot, to opt out of the "Release by Holders of Claims" provided for in Section 8.3 of the Plan (and set forth above).

C.     Exculpation (Section 8.4 of the Plan).

Upon and effective as of the Effective Date, the Debtor and its officers, employees, attorneys, investment bankers, financial advisors, and other professional advisors and agents will be deemed to have solicited acceptances of the Plan in good faith and in compliance with the applicable provisions of the Bankruptcy Code, including section 1125(e) of the Bankruptcy Code.

Except with respect to any acts or omissions expressly set forth in and preserved by the Plan, the Plan Supplement, or any related documents, the Exculpated Parties shall neither have, nor incur any liability to any entity for any prepetition or postpetition act taken or omitted to be taken in connection with, or related to formulating, negotiating, preparing, disseminating, implementing, administering, confirming, or effecting the Plan or any contract, instrument, release, or other agreement or document created or entered into in connection with the Plan, the filing of the Chapter 11 Case, the pursuit of confirmation of the Plan, the administration and implementation of the Plan, the distribution of property under the Plan, or any other related agreement or any other prepetition or postpetition act taken or omitted to be taken in connection with or in contemplation of the restructuring of the Debtor; provided, that the foregoing "exculpation" shall have no effect on the liability of any entity that results from any such act or omission that is determined in a Final Order to have constituted gross negligence or willful misconduct (including fraud); provided, further, that each Exculpated Party shall be entitled to rely upon the advice of counsel concerning his, her, or its duties pursuant to, or in connection with, the Plan or any other related document, instrument, or agreement.

"Exculpated Party" means each of: (i) the Debtor and its member or members, (ii) the Reorganized Debtor and its member or members, (iii) each Consenting Holder in any capacity, (iv) the Issuer, (v) the 2007 Bond Trustee in any capacity, and (vi) the current and former officers, directors, members, managers, employees, attorneys, and advisors, each in their respective capacities as such, of each of the foregoing.

D.     Injunction (Section 8.6 of the Plan).

FROM AND AFTER THE EFFECTIVE DATE, ALL ENTITIES ARE PERMANENTLY ENJOINED FROM COMMENCING OR CONTINUING IN ANY MANNER, ANY SUIT, ACTION, OR OTHER PROCEEDING, ON ACCOUNT OF OR RESPECTING ANY CLAIM, DEMAND, LIABILITY, OBLIGATION, DEBT, RIGHT, CAUSE OF ACTION, INTEREST, OR REMEDY RELEASED OR TO BE RELEASED PURSUANT TO THE PLAN OR THE CONFIRMATION ORDER.

FROM AND AFTER THE EFFECTIVE DATE, TO THE EXTENT OF THE RELEASES AND EXCULPATION GRANTED IN THE PLAN, ALL RELEASING PARTIES SHALL BE

PERMANENTLY ENJOINED FROM COMMENCING OR CONTINUING IN ANY MANNER AGAINST THE RELEASED PARTIES AND THE EXCULPATED PARTIES AND THEIR ASSETS AND PROPERTIES, AS THE CASE MAY BE, ANY SUIT, ACTION, OR OTHER PROCEEDING ON ACCOUNT OF, IN CONNECTION WITH, OR WITH RESPECT TO ANY CLAIM, DEMAND, LIABILITY, OBLIGATION, DEBT, RIGHT, CAUSE OF ACTION, INTEREST, OR REMEDY RELEASED OR TO BE RELEASED PURSUANT TO THE PLAN.

EXCEPT AS OTHERWISE EXPRESSLY PROVIDED IN THE PLAN, THE PLAN SUPPLEMENT, OR RELATED DOCUMENTS, OR FOR OBLIGATIONS ISSUED PURSUANT TO THE PLAN (INCLUDING, BUT NOT LIMITED TO, THE OBLIGATIONS RELATING TO THE 2014 BONDS), ALL PERSONS WHO HAVE HELD, HOLD, OR MAY HOLD CLAIMS OR INTERESTS THAT HAVE BEEN RELEASED, DISCHARGED, OR ARE SUBJECT TO EXCULPATION, ARE PERMANENTLY ENJOINED, FROM AND AFTER THE EFFECTIVE DATE, FROM TAKING ANY OF THE FOLLOWING ACTIONS: (I) COMMENCING OR CONTINUING IN ANY MANNER ANY ACTION OR OTHER PROCEEDING OF ANY KIND ON ACCOUNT OF, IN CONNECTION WITH, OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS; (II) ENFORCING, ATTACHING, COLLECTING, OR RECOVERING BY ANY MANNER OR MEANS ANY JUDGMENT, AWARD, DECREE, OR ORDER AGAINST SUCH PERSONS ON ACCOUNT OF, IN CONNECTION WITH, OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS; (III) CREATING, PERFECTING, OR ENFORCING ANY ENCUMBRANCE OF ANY KIND AGAINST SUCH PERSONS OR THE PROPERTY OR ESTATE OF SUCH PERSONS ON ACCOUNT OF, IN CONNECTION WITH, OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS; AND (IV) COMMENCING OR CONTINUING IN ANY MANNER ANY ACTION OR OTHER PROCEEDING OF ANY KIND ON ACCOUNT OF, IN CONNECTION WITH, OR WITH RESPECT TO ANY SUCH CLAIMS OR INTERESTS RELEASED, SETTLED, OR DISCHARGED PURSUANT TO THE PLAN.

THE RIGHTS AFFORDED IN THE PLAN AND THE TREATMENT OF ALL CLAIMS AND INTERESTS THEREIN SHALL BE IN EXCHANGE FOR AND IN COMPLETE SATISFACTION OF ALL CLAIMS AND INTERESTS OF ANY NATURE WHATSOEVER, INCLUDING ANY INTEREST ACCRUED ON CLAIMS FROM AND AFTER THE PETITION DATE, AGAINST THE DEBTOR OR ANY OF ITS ASSETS, PROPERTY, OR ESTATE.  ON THE EFFECTIVE DATE, ALL SUCH CLAIMS AGAINST THE DEBTOR SHALL BE FULLY RELEASED AND DISCHARGED, AND THE INTERESTS SHALL BE CANCELLED (EXCEPT AS OTHERWISE EXPRESSLY PROVIDED IN THE PLAN).

EXCEPT AS OTHERWISE EXPRESSLY PROVIDED FOR IN THE PLAN OR IN OBLIGATIONS ISSUED PURSUANT TO THE PLAN (INCLUDING, BUT NOT LIMITED TO, THE OBLIGATIONS RELATING TO THE 2014 BONDS) FROM AND AFTER THE EFFECTIVE DATE, ALL CLAIMS AGAINST THE DEBTOR SHALL BE FULLY RELEASED AND DISCHARGED, AND ALL INTERESTS SHALL BE CANCELLED, AND THE DEBTOR'S LIABILITY WITH RESPECT THERETO SHALL BE EXTINGUISHED COMPLETELY, INCLUDING ANY LIABILITY OF THE KIND SPECIFIED UNDER SECTION 502(g) OF THE BANKRUPTCY CODE.

ALL PERSONS SHALL BE PRECLUDED FROM ASSERTING AGAINST THE DEBTOR, THE DEBTOR'S ESTATE, THE REORGANIZED DEBTOR, EACH OF THEIR RESPECTIVE SUCCESSORS AND ASSIGNS, AND EACH OF THEIR ASSETS AND PROPERTIES, ANY OTHER CLAIMS OR INTERESTS BASED UPON ANY DOCUMENTS, INSTRUMENTS, OR ANY ACT OR OMISSION, TRANSACTION, OR OTHER ACTIVITY OF ANY KIND OR NATURE THAT OCCURRED BEFORE THE EFFECTIVE DATE.

## **Accepting or Rejecting the Plan**

Unless you elect to opt-out, any vote to accept the Plan constitutes your consent to the releases, injunctions, and exculpation provisions specified in Section 8 of the Plan. Notwithstanding the foregoing, (a) in the event that the Plan is not confirmed, no party shall be deemed to have given, or receive, a release of any claims under the Plan, and (b) the Plan further provides that the release contained in Section 8.3 shall not apply to any entity that, on its ballot accepting the Plan, checks the box next to the words: "If you voted to accept the Plan, please check this box only if you elect *not* to give or receive a release pursuant to Section 8.3 of the Plan."

If this Ballot (a) does not indicate either an acceptance or a rejection of the Plan, (b) indicates both an acceptance and a rejection of the Plan, or (c) is incomplete, illegible, or unsigned, then your vote will not be included in any calculation of votes with respect to the Plan.

**IF YOU HAVE ANY QUESTIONS REGARDING THIS BALLOT OR THE PROCEDURES TO VOTE WITH RESPECT TO THE PLAN OR YOU WOULD LIKE ADDITIONAL COPIES OF THE DISCLOSURE STATEMENT, PLEASE CALL THE VOTING AGENT, KURTZMAN CARSON CONSULTANTS LLC, AT (877) 565-8216.**

Please complete the Ballot on the next page.

## ACCEPTANCE OR REJECTION OF THE CHAPTER 11 PLAN OF REORGANIZATION OF AMSTERDAM HOUSE CONTINUING CARE RETIREMENT COMMUNITY, INC.

Class 6 Subvention Claim

| | |
|---|---|
| ☐ | **ACCEPTS** (votes FOR) the Plan. |
| ☐ | **REJECTS** (votes AGAINST) the Plan. |

☐   If you voted to accept the Plan, please check this box only if you elect *not* to give or receive a release pursuant to Section 8.3 of the Plan.

### Certification

By signing and returning this Ballot, the undersigned certifies that it is the holder of the Subvention Claim to which this Ballot pertains.

Name of Holder: _____

Social Security or Federal Tax I.D. No.: _____

Signature: _____

Print Name: _____

Title (if other than individual): _____

Address: _____

Telephone Number: _____     Email (Optional): _____

Date Completed: _____

| PLEASE USE THE RETURN ENVELOPE PROVIDED |
|---|

| VOTING DEADLINE |
|---|
| **THE VOTING DEADLINE IS October 7, 2014, 2014 AT 5:00 P.M. (PREVAILING EASTERN TIME).** |

**<u>Exhibit 3</u>**

**Notice of Non-Voting Status**

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x
                                                          :
In re:                                                    :          **Chapter 11**
                                                          :
**AMSTERDAM HOUSE CONTINUING CARE**                       :          **Case No. 14-73348**
**RETIREMENT COMMUNITY, INC.,**[1]                        :
                                                          :
                                                          :
              **Debtor.**                                 :
-----------------------------------------------------------------x

<u>**NOTICE OF NON-VOTING STATUS**</u>

      **PLEASE TAKE NOTICE** that on [_____], 2014, the United States Bankruptcy Court for the Eastern District of New York (the "<u>Bankruptcy Court</u>") entered an order (the "<u>Disclosure Statement Order</u>") approving the Disclosure Statement dated July 22, 2014 (as it may be amended and/or supplemented, the "<u>Disclosure Statement</u>"), filed by Amsterdam House Continuing Care Retirement Community, Inc., as debtor and debtor in possession in the above-captioned chapter 11 case (the "<u>Debtor</u>"), and directing the Debtor to solicit votes with regard to the approval or rejection of the "Debtor's Plan of Reorganization under Chapter 11 of the Bankruptcy Code" (as it may be amended and/or supplemented, the "<u>Plan</u>").[2]

      **PLEASE TAKE FURTHER NOTICE** that a hearing to consider confirmation of the Plan (the "<u>Confirmation Hearing</u>") is scheduled for October 24, 2014 at 10:00 a.m. (prevailing Eastern time), before the Honorable Alan S. Trust, United States Bankruptcy Judge, in Room [   ] of the Bankruptcy Court, 225 Cadman Plaza East, Brooklyn, NY 11201. The Confirmation Hearing may be adjourned from time to time without further notice except for the announcement of the adjournment date made at the Confirmation Hearing or at any subsequent adjourned Confirmation Hearing, and the Plan may be modified, if necessary, prior to, during, or as a result of the Confirmation Hearing, without further notice to interested parties. Subsequent to the Confirmation Hearing, the Bankruptcy Court may issue an order confirming the Plan (the "<u>Confirmation Order</u>").

      **PLEASE TAKE FURTHER NOTICE** that any objections to confirmation of the Plan must (a) be in writing, (b) state the name and address of the objecting party, (c) state the amount and nature of the claim held by such objecting party, (d) state with particularity the basis and nature of any objection or proposed modification to the Plan, and (e) be filed, together with proof of service, with the Bankruptcy Court and served so as to be actually received no later than 4:00 p.m. (prevailing Eastern time), on October 7, 2014, by: (a) the Clerk of the Bankruptcy Court; (b) Cadwalader, Wickersham & Taft LLP, proposed attorneys for the Debtor, One World

---

[1] The last four digits of the Debtor's federal tax identification number are 1764. The Debtor's mailing address is 300 East Overlook, Port Washington, New York 11050.

[2] Capitalized terms not otherwise defined in this Notice have the meanings ascribed to them in the Plan.

Financial Center, New York, New York 10281 (Attn: Ingrid Bagby, Esq. and Christopher J. Updike, Esq.); (c) the Office of the United States Trustee for the Eastern District of New York (Central Islip Division), Alfonse D'Amato Federal Courthouse, 560 Federal Plaza, Central Islip, New York 11722 (Attn: Christine H. Black); and (d) counsel to any official committee of unsecured creditors appointed in these cases.

**PLEASE TAKE FURTHER NOTICE THAT UNDER THE TERMS OF THE PLAN, YOUR CLAIM(S) AGAINST THE DEBTOR IS/ARE EITHER (I) NOT CLASSIFIED, IN WHICH CASE YOU ARE NOT ENTITLED TO VOTE ON THE PLAN, OR (II) NOT IMPAIRED, IN WHICH CASE, PURSUANT TO SECTION 1126(f) OF TITLE 11 OF THE UNITED STATES CODE, YOU ARE (A) CONCLUSIVELY PRESUMED TO HAVE ACCEPTED THE PLAN, AND (B) NOT ENTITLED TO VOTE ON THE PLAN.  IF YOU WANT TO REQUEST A COPY OF THE DISCLOSURE STATEMENT ORDER, THE PLAN, OR THE DISCLOSURE STATEMENT, YOU MAY VISIT THE WEBSITE OF THE DEBTOR'S CLAIMS AND NOTICING AGENT AT WWW.KCCLLC.NET/HARBORSIDE, CONTACT THE DEBTOR'S CLAIMS AND NOTICING AGENT AT (877) 565-8216 or HARBORSIDEINFO@KCCLLC.COM, OR SEND A WRITTEN REQUEST TO THE DEBTOR'S COUNSEL, CADWALADER, WICKERSHAM & TAFT LLP, ONE WORLD FINANCIAL CENTER, NEW YORK, NY 10281, ATTN: INGRID BAGBY, ESQ. AND CHRISTOPHER J. UPDIKE, ESQ. (EMAIL: INGRID.BAGBY@CWT.COM AND CHRISTOPHER.UPDIKE@CWT.COM; FAX NUMBER: (212) 504-6666).**

**PLEASE TAKE FURTHER NOTICE** that if you disagree with the Debtor's classification or treatment of your claim or believe that you should be entitled to vote on the Plan, then you must serve on the Debtor and file with the Bankruptcy Court a motion (a "Rule 3018 Motion") for an order pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") temporarily allowing your claim in a different amount or in a different class for purposes of voting to accept or reject the Plan.  All Rule 3018 Motions must be filed on or before October 7, 2014 at 4:00 p.m. (prevailing Eastern time) (the "Rule 3018 Motion Deadline").  Rule 3018 Motions must (a) be made in writing, (b) comply with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, (c) set forth the name of the party asserting the Rule 3018 Motion, (d) state with particularity the legal and factual bases for the Rule 3018 Motion, and (e) be filed with the Bankruptcy Court and served on the Debtor no later than the Rule 3018 Motion Deadline.  Any issues raised by a Rule 3018 Motion that are not resolved between the Debtor and the claim holder will be considered at the Confirmation Hearing.  In accordance with Bankruptcy Rule 3018, as to any creditor filing a Rule 3018 Motion, such creditor's Ballot will not be counted unless temporarily allowed by the Bankruptcy Court, or as otherwise agreed to by the Debtor and the claim holder, for voting purposes. Rule 3018 Motions that are not timely filed and served in the manner as set forth above will not be considered.

Dated: [                    ]
      New York, NY

 

                               CADWALADER, WICKERSHAM & TAFT LLP

                                       *DRAFT*

Ingrid Bagby, Esq.
Christopher J. Updike
One World Financial Center
New York, New York  10281
Telephone:  (212) 504-6000
Facsimile:  (212) 504-6666
Ingrid.Bagby@cwt.com
Christopher J. Updike@cwt.com

- and –

John H. Thompson, Esq.
700 Sixth Street, N.W.
Washington, DC 20001
Telephone:  (202) 862-2200
Facsimile:  (202) 862-2400
Johnh.Thompson@cwt.com

*Proposed Attorneys for the*
*Debtor and Debtor in Possession*

**<u>Exhibit 4</u>**

**Confirmation Hearing Notice**

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x
                             :

In re:                         :          **Chapter 11**
                             :

**AMSTERDAM HOUSE CONTINUING CARE**  :          **Case No. 14-73348**
**RETIREMENT COMMUNITY, INC.,[1]**    :
                             :

          **Debtor.**           :
-------------------------------------------------------------------x

### NOTICE OF CONFIRMATION HEARING AND OBJECTION
### DEADLINE WITH RESPECT TO THE PLAN OF REORGANIZATION UNDER
### CHAPTER 11 OF THE BANKRUPTCY CODE PROPOSED BY THE DEBTOR

TO ALL CREDITORS AND PARTIES IN INTEREST, PLEASE TAKE NOTICE THAT:

       1.     **Approval of Disclosure Statement.**  On [           ], the United States Bankruptcy Court for the Eastern District of New York (the "**Bankruptcy Court**") entered an order (the "**Disclosure Statement Order**") approving the *Disclosure Statement for Debtor's Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* (as it may be amended and/or supplemented, the "**Disclosure Statement**") filed by the debtor and debtor in possession in the above captioned case (the "**Debtor**") and authorized the Debtor to solicit votes to accept or reject the *Debtor's Plan of Reorganization under Chapter 11 of the Bankruptcy Code,* annexed as Exhibit 1 to the Disclosure Statement (as it may be amended and/or supplemented, the "**Plan**"). All capitalized terms used but not defined herein shall have the same meanings ascribed to them in the Plan.

       2.     **Confirmation Hearing.**  A hearing to consider confirmation of the Plan (the "Confirmation Hearing") is scheduled for October 24, 2014 at 10:00 a.m. (prevailing Eastern time), before the Honorable Alan S. Trust, United States Bankruptcy Judge, in Room [  ] of the Bankruptcy Court, 225 Cadman Plaza East, Brooklyn, NY 11201.  The Confirmation Hearing may be adjourned from time to time without further notice except for the announcement of the adjournment date made at the Confirmation Hearing or at any subsequent adjourned Confirmation Hearing, and the Plan may be modified, if necessary, prior to, during, or as a result of the Confirmation Hearing, without further notice to interested parties.  Subsequent to the Confirmation Hearing, the Bankruptcy Court may issue an order confirming the Plan (the "Confirmation Order").

       3.     **Record Date and Voting Deadline.**  If you hold a claim against the Debtor as of September 2, 2014 (the "Voting Record Date") and are entitled to vote to accept or

---

[1] The last four digits of the Debtor's federal tax identification number are 1764.  The Debtor's mailing address is 300 East Overlook, Port Washington, New York 11050.

reject the Plan, you have received a ballot form (the "Ballot") and voting instructions appropriate for your claim(s). For your vote to accept or reject the Plan to be counted, you must complete all required information on the Ballot and execute and return the completed, original Ballot to the address indicated on the Ballot by 5:00 p.m. (prevailing Eastern time) on October 7, 2014 (the "Voting Deadline"). Ballots received after the Voting Deadline may not be counted. Except as otherwise provided in the solicitation procedures in the Disclosure Statement Order, a Ballot will be deemed delivered only when the Claims and Noticing and Claims Agent actually receives the original executed Ballot. Delivery of a Ballot to the Claims and Noticing and Claims Agent by facsimile, e-mail, or any other electronic means will not be accepted. No Ballot should be sent to the Debtor, the Debtor's agents (other than the Claims and Noticing and Claims Agent), or the Debtor's financial or legal advisors. Any failure to follow the voting instructions included with the Ballot may disqualify your Ballot and your vote.

       4.    **Parties in Interest Not Entitled to Vote.** Holders of claims that are not impaired or not classified are not entitled to vote on the Plan and will receive a Notice of Non-Voting Status rather than a Ballot.

       5.    **Motions to Temporarily Allow Claims for Voting Purposes.** If you disagree with the Debtor's classification of your claim, the treatment of your claim for voting purposes as set forth in the Disclosure Statement Order, or otherwise believe that you should be entitled to vote on the Plan, then you must serve on the Debtor and file with the Bankruptcy Court a motion (a "Rule 3018 Motion") for an order pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") temporarily allowing your claim in a different amount or in a different class for purposes of voting to accept or reject the Plan. All Rule 3018 Motions must be filed on or before October 7, 2014 at 4:00 p.m. (prevailing Eastern time) (the "Rule 3018 Motion Deadline"). Rule 3018 Motions must (i) be made in writing, (ii) comply with the Bankruptcy Code, the Bankruptcy Rules, and the Local Rules, (iii) set forth the name of the party asserting the Rule 3018 Motion, (iv) state with particularity the legal and factual bases for the Rule 3018 Motion, and (v) be filed with the Bankruptcy Court and served on the Debtor no later than the Rule 3018 Motion Deadline. Any issues raised by a Rule 3018 Motion that are not resolved between you and the Debtor will be considered at the Confirmation Hearing. In accordance with Bankruptcy Rule 3018, if you file a Rule 3018 Motion, your Ballot will not be counted unless temporarily allowed by the Bankruptcy Court, or as otherwise agreed to by you and the Debtor, for voting purposes. Rule 3018 Motions that are not timely filed and served in the manner as set forth above will not be considered.

       6.    **Objections to the Plan.** Objections, if any, to confirmation of the Plan must be filed and served so that they are received on or before October 7, 2014 at 4:00 p.m. (prevailing Eastern time). Any objection to confirmation must be made in writing and specify in detail the name and address of the objector, all grounds for the objection and the amount of the claim held by the objector. Objections to confirmation of the Plan are governed by Bankruptcy Rule 9014. Objections must be timely served so as to be actually received by the following parties by the Plan Objection Deadline: (a) the Clerk of the Bankruptcy Court; (b) Cadwalader, Wickersham & Taft LLP, proposed attorneys for the Debtor, One World Financial Center, New York, New York 10281 (Attn: Ingrid Bagby, Esq., and Christopher J. Updike, Esq.); (c) the Office of the United States Trustee for the Eastern District of New York (Central Islip Division), Alfonse D'Amato Federal Courthouse, 560 Federal Plaza, Central Islip, New York 11722 (Attn:

Christine H. Black); and (d) counsel to any official committee of unsecured creditors appointed in these cases.

       7.    **Inquiries.**  Any party in interest wishing to obtain (i) information about the solicitation procedures, or (ii) copies of the Disclosure Statement or Plan, should telephone the Debtor's Claims and Noticing and Claims Agent, Kurtzman Carson LLC, at (877) 565-8216. Parties may also view such documents by accessing the website of the Debtor's Claim and Noticing and Claims Agent at http://kccllc.net/harborside or accessing the Bankruptcy Court's Electronic Case Filing System, which can be found at www.ded.uscourts.gov, the official website for the Bankruptcy Court.

Dated: [ ]
    New York, NY

                      CADWALADER, WICKERSHAM & TAFT LLP

                      *DRAFT*
                      Ingrid Bagby, Esq.
                      Christopher J. Updike, Esq.
                      One World Financial Center
                      New York, New York  10281
                      Telephone:  (212) 504-6000
                      Facsimile:  (212) 504-6666
                      Ingrid.Bagby@cwt.com
                      Christopher.Updike@cwt.com

                      - and –

                      John H. Thompson, Esq.
                      700 Sixth Street, N.W.
                      Washington, DC 20001
                      Telephone:  (202) 862-2200
                      Facsimile:  (202) 862-2400
                      Johnh.Thompson@cwt.com

                      *Proposed Attorneys for the*
                      *Debtor and Debtor in Possession*